In the Matter of the Adoption of Roger Kilby.

Marie Frazey, Petitioner in Adoption, Appellee; State of Iowa and Iowa Board of Control of State Institutions et al., Interveners, Appellants; John L. Mowry, Amicus Curiae and Attorney for Roger Kilby, Minor, Appellant.

No. 45581.

June 17, 1941.

Roy L. Pell, for appellee.

John M. Rankin, Attorney General, and Jens Grothe, Assistant Attorney General, for appellants.

John L. Mowry, Amicus Curiae and attorney for Roger Kilby, minor, appellant.

MILLER, J.—The record herein is somewhat involved and the questions presented for our decision are unusual. However, the decisive question is clearly presented, namely, whether Hon. L. R. Sheets, Judge of the Municipal Court of the City of Marshalltown, was properly designated by the judges of the district court for the seventeenth judicial district to act as judge of the juvenile court in Marshall County, pursuant to section 3607 of the Code, 1939.

The questions herein arise upon appeal from a decree for the adoption of one Roger Kilby, a minor, by Marie Frazey. Her petition for such adoption was resisted by the Iowa Board of Control of State Institutions, which asserted that said Roger Kilby had been committed to the Iowa Soldiers' Orphans Home at Davenport, Iowa, by Judge Sheets, acting as judge of the juvenile court in Marshall County, and, accordingly, pursuant to the provisions of section 10501.3 of the Code, 1939, the consent of the Board of Control was necessary before such adoption could be had. The trial court found and determined that Judge Sheets had not been properly designated judge of the juvenile court in Marshall County, was a mere usurper, acted wholly without jurisdiction, that his order of commitment was void, subject to the collateral attack here made upon it, and, accordingly, that the Board of Control should be ignored herein. We hold that the court erred and that its decree must be reversed. In order to demonstrate how the question arises herein and why the court erred in its decision, it is necessary to review the record in some detail.

On November 24, 1924, the judges of the district court for the seventeenth judicial district were James W. Willett and B. F. Cummings and the judge of the municipal court of Marshalltown was B. O. Tankersley. On that day said district judges signed and filed an order by which "the Judge of the Municipal

Court of Marshalltown, Iowa, is designated by the undersigned Judges of the 17th Judicial District of Iowa, as Judge of the Juvenile Court in and for Marshall County, Iowa, and said City of Marshalltown, and shall have jurisdiction of all Juvenile Court matters, both Civil and Criminal, within said County and City, as provided by law.''

On April 9, 1929, the judges of the seventeenth judicial district were B. F. Cummings and Clarence Nichols and L. R. Sheets became judge of the municipal court of Marshalltown. On that day there was signed and filed by the said district judges an instrument by which said judges did ''designate L. R. Sheets, Judge of the Municipal Court in and for Marshalltown, Iowa, as Judge of the Juvenile Court to handle juvenile·cases arising in the city of Marshalltown, and in the County of Marshall, all in the State of Iowa.''

Judge Cummings resigned in 1930. Judge Tankersley was appointed to succeed him, has served since then and is now serving as such judge. In 1932, Carl B. Stiger succeeded Judge Nichols and served until 1936 when he resigned to become a member of this court. He was succeeded by C. E. Walters who served until January 1, 1937, when he was succeeded by L. J. Kirkland, who is still serving with Judge Tankersley. The population of Marshalltown exceeds 15,000 and that of Marshall County exceeds 35,000.

The clerk of the district court testified that the designations made on November 29, 1924, and April 9, 1929, were the only designations that he was able to locate in the records of his office pertaining to the designation of judge of the juvenile court in and for Marshall County, and that he had been in office since January 1, 1931. Judge Tankersley testified that he had no recollection of ever having signed any designation for judge of the juvenile court in and for Marshall County since he had been in office.

Judge Sheets is still serving as judge of the municipal court of Marshalltown. During the twelve years he has served in that capacity, the judges of the district court have frequently referred matters to the municipal court and the juvenile division thereof. Both Judge Tankersley and Judge Kirkland have referred such matters to Judge Sheets. The juvenile work has

been of considerable volume in the municipal court. Judge Sheets averages about eight hours a day on such work. He received the Community Service Award for such work. From January 1, 1931, to November 4, 1940, no juvenile court cases were handled in Marshall County by the judges of the seventeenth judicial district court.

On February 8, 1940, a juvenile complaint was filed in Judge Sheets' court involving Roger Kilby. Roy L. Pell, counsel for appellee herein, appeared in that case. On March 1, 1940, the assistant chief justice of this court entered an order that the case be heard by Hon. Joseph E. Meyer, judge of the ninth judicial district. Judge Sheets was called as a witness by appellee and, on cross-examination, described the events leading up to the entry of such order thus:

"With reference to Exhibit 'D' being a designation of Judge Jos. E. Meyer to hear a case, entitled State of Iowa ex rel. Williams v. Kilby, Juvenile Case No. 415, Mr. Pell approached me in the court room. This was in municipal court. He told me he would rather have some other judge hear it. I told him that would be very satisfactory. He said something about it being embarrassing to him if he tried it to me, and I told him I would try to get some other judge to hear it. And then I suggested Judge Tankersley and he agreed that would be satisfactory. I later called Judge Tankersley and he agreed to hear it. I talked to him a couple of times to determine the date because I wanted to try it as soon as possible. The judge was busy and couldn't select the date. Then about three weeks later Judge Tankersley came to me in the hall of the Municipal Building and told me * * * he didn't want to hear it. I then suggested Judge Kirkland and Judge Tankersley told me that Judge Kirkland was very busy and couldn't hear it. The next day I called Mr. Pell and told him that Judge Tankersley had backed out * * * and that he told me that Judge Kirkland couldn't hear it. I then talked to him of getting one of the judges of the municipal court at Des Moines to substitute for me, but the judges down there didn't handle juvenile matters. Then I said Judge Meyer received a community service award for his juvenile work and although I wasn't per-

sonally acquainted with him I would call him and ask him. Mr. Pell agreed to that. Judge Meyer agreed to come. Pell said it would be all right to let Judge Meyer hear it. Judge Meyer suggested I get a designation from the Supreme Court. I do not believe that Mr. Pell agreed to the actual designation. The actual assignment by the Supreme Court. I either called or wrote Frederic Miller and he sent the designation up. Subsequent to the designation there was a hearing in the juvenile division of the municipal court of Marshalltown, Judge Meyer presiding. Mr. Pell appeared at that time.''

There was no objection made to the jurisdiction of Judge Meyer to preside over such proceedings. Both parties were represented by counsel. Hearing was had and on April 23, 1940, Judge Meyer entered an order determining as follows, ''(a) That said child is a dependent and neglected child. (b) That the father and mother are improper guardians and should be permanently deprived of the care, custody and control of said minor child. (c) That the request for an order permitting the adoption to be completed by Marie Frazey be and the same is hereby denied. (d) That a suitable home be found for the permanent care, custody and control of said minor child, with full authority and consent to adopt said child, either through a child placing agency or through the juvenile court of Marshalltown, Iowa, and that for the purpose of making such disposition and permanent arrangement said child be held and kept subject to the further order of the juvenile court of Marshalltown, Iowa, and that this order is full authority for said juvenile court to so place said child.''

There was no appeal from the foregoing determination. On May 4, 1940, Judge Sheets entered an order as follows, ''Inasmuch as this Court considers that an emergency still exists in the within cause, the temporary custody of the defendant, Roger Kilby, is hereby placed in the licensed boarding home of Mrs. Ida Heishman of Albion, Iowa, per Sec. 3630 of 1939 Code of Iowa.'' Judge Sheets thereafter entered an order on November 22, 1940, ''that the said Roger Kilby, be and is hereby committed to the Iowa Soldiers' Orphans Home at Davenport, Iowa, until he shall have attained the age of 21 years, unless

he be legally discharged therefrom before said time. The Court further finds that the parents of said Juvenile are unable to pay the expense of conveying defendant to said Iowa Soldiers' Orphans Home or for his care while therein. Wherefore the said Juvenile is ordered delivered to the Superintendent or other person in charge thereof." There was no appeal from such orders.

In the meantime, on April 25, 1940, Marie Frazey filed a petition to adopt Roger Kilby, having secured as a basis therefor written consent from the parents of said child to such adoption. On the same day, Judge Kirkland entered an order fixing the date of hearing as May 7, 1940, and providing that "10 days personal service of Notice shall be had upon those persons now claiming to have temporary guardianship of said child, namely the Honorable L. R. Sheets, Alice R. Williams, and Ida Heishman, and on the State Board of Control of the State of Iowa."

On November 25, 1940, the assistant chief justice of this court assigned Hon. P. J. Siegers, judge of the sixth judicial district, to hear the adoption proceedings. On December 14, 1940, the petition was amended to show the proceedings in juvenile court and the orders of Judge Meyer and Judge Sheets, which were asserted to be null and void because entered without jurisdiction or authority and on that day, Judge Siegers entered an order setting the hearing for December 30, 1940, and directing ten days notice to the Board of Control.

On December 30, 1940, the Board of Control filed a petition of intervention asserting that, by reason of the commitment of the minor to the Soldiers' Orphans Home at Davenport, the minor could not be adopted without the consent of the board, and also that the decision of Judge Meyer adjudicated that Marie Frazey was not a proper person to adopt the child. The board also asserted that Marie Frazey was not a proper person to adopt said child.

The court appointed John L. Mowry attorney for the child and he filed an answer to the petition for adoption which asserted substantially the same propositions as did the petition of intervention of the Board of Control.

■ Chapter 179 of the Code, 1939, pertains to the juvenile court. Section 3605 provides, ''There is hereby established in each county a juvenile court, which, and the judges thereof, shall have and exercise the jurisdiction and powers provided by law.''

Section 3606 provides, ''The juvenile court of each county shall be constituted as follows: 1. Of the judges of the district court. 2. In counties wherein there is a superior or municipal court, of the judges thereof, respectively, when designated as judges of the juvenile court by the judges of the district court.''

Section 3607 provides in part as follows, ''The judges of the district court may designate one of their number to act as judge of the juvenile court in any county or counties, and may designate a superior or municipal court judge to act as judge of the juvenile court in cases arising in any city in which any such court is organized and in cases arising in any part of any county convenient thereto.''

Section 3608 provides, ''The designation of any judge to hold the juvenile court shall not deprive him of other judicial functions, nor the other judges of the power to act as judges of the juvenile court during the absence, inability to act, or upon request, of the regularly designated juvenile judge.''

Section 3609. provides, ''Juvenile courts shall always be open for the transaction of business, but the hearing of any matter requiring notice shall be had only at such time and place as the judge may fix.''

Section 3611 provides, ''The clerk of the court whose judge acts as the juvenile court shall act as clerk of the juvenile court.''

From the foregoing statutes it readily appears that the chapter establishes a juvenile court for each county and contemplates that the judges of the district court may designate one judge to act as the judge of the juvenile court. If there is a municipal court within the county, the judge of the juvenile court may be any of the judges of the district court or a judge of the municipal court. The juvenile court is always open and the clerk of that court is the clerk of the court whose judge has been designated as the juvenile court by the judges of the district court and acts as such.

Appellee concedes the obvious fact that, when Judge Sheets

became judge of the municipal court of Marshalltown, he was promptly and properly designated judge of the juvenile court for Marshall County. The clerk of the municipal court became the clerk of the juvenile court.

It is, of course, obvious that, since the designation of Judge Sheets referred to him as judge of the municipal court in and for Marshalltown, Iowa, the designation would terminate whenever he ceased to be judge of such municipal court. However, he has continuously occupied the office of judge of the municipal court of Marshalltown since such designation and still occupies the office of municipal judge. Appellants contend that such designation operated to establish Judge Sheets as the judge of the juvenile court for Marshall County so long as he occupies the position as judge of the municipal court of Marshalltown and the order of April 9, 1929, remains unrevoked by the judges of the district court for the seventeenth judicial district. We agree with such contention.

The appellee contends and the court below determined that the designation of Judge Sheets was valid only while the judges who designated him held office as judges of the district court of the seventeenth judicial district and, as soon as they ceased to hold office, their designation of him automatically ceased to have any force and effect and further that, since the record shows no designation subsequent to April 9, 1929, Judge Sheets had no right or authority to conduct the juvenile court in and for Marshall County at any of the times material to the questions presented herein. Such a rule certainly should not be established unless no other rule is reasonably possible. Suppose Judge Sheets were in the midst of the trial of a juvenile court case and one or both of the judges of the judicial district resigned or had their terms expire, would the trial stand automatically suspended with no judge to preside? And what of the pending matters which he was then handling? What of the duties of the clerk of his court, as clerk of the juvenile court? Such a rule would obviously result in seriously jeopardizing the jurisdiction of the juvenile court, a court which is required to be open at all times and which exercises continuing jurisdiction over the custody, management and control of minors.

We think that the rule to be applied herein is analogous to

that stated in 46 C. J. 966, to wit, "Where appointments at pleasure are to be made by a board, the tenure of the incumbent is not terminated by a change in the personnel of the board." This rule is in accord with our decision in the case of Ida Co. Savings Bk. v. Seidensticker, (Iowa), 92 N. W. 862.

We, therefore, hold that the designation of Judge Sheets on April 9, 1929, "as judge of the juvenile court to handle juvenile cases arising in the city of Marshalltown and in the county of Marshall'' constituted Judge Sheets such judge of the juvenile court in Marshall County for an indeterminate period which could be terminated only in one of two ways, (1) by his ceasing to be judge of the municipal court or (2) by revocation of the designation by the district judges of the seventeenth judicial district. Since the record discloses that neither such contingency has arisen, Judge Sheets is still judge of the juvenile court in and for Marshall County and his orders, entered in such capacity herein, are not subject to the collateral attack here made upon them. The trial court erred in holding otherwise.

Our decision is fortified by the record herein in that the effect which we give to the order of April 9, 1929, obviously is the same effect which the judges of the seventeenth judicial district intended that it should be given. The record discloses that, notwithstanding various changes in the personnel of the judges of the seventeenth judicial district, all of such judges permitted Judge Sheets to continue to act exclusively in all cases arising in Marshall County coming within the jurisdiction of the juvenile court until November, 1940. Both of the present sitting judges in that district have assigned cases to Judge Sheets as judge of the juvenile court. Obviously, the judges of the seventeenth judicial district gave to the order of April 9, 1929, the same interpretation which we hold it is entitled to receive.

In reference to the designation of Judge Meyer to hear a part of the proceedings involved herein as judge of the juvenile court in Marshall County, the trial court held that, inasmuch as Judge Sheets had no authority as judge of the juvenile court at the time he made application to the supreme court, the order of the supreme court entered pursuant to said application had no foundation in law, was invalid and the decision of Judge

Meyer was made without jurisdiction. We hold that this was error.

Section 12804 of the Code, 1939, provides that the chief justice of this court shall appoint one of the other members of the court to act in his place and stead and, "when so acting, such member shall have all the rights, duties and powers given by statute to the chief justice of the supreme court." Section 10784 of the Code, 1939, provides that the chief justice of this court shall have power to assign any district judge, when not occupied in holding court in his own district, to hold court in any other district when any judge may be incapacitated or "there may arise a necessity therefor". The order designating Judge Meyer to hear a part of the proceedings in juvenile court involved herein was a proper exercise of the powers given by such statutes. The trial court erred in holding otherwise.

█ As hereinbefore recounted, the issues presented in the court below were not made up until on and after December 30, 1940. At that time the pleadings showed on their face, as the evidence now discloses, that the minor herein had been committed to an institution coming within the jurisdiction of the Board of Control, so that, under the provisions of section 10501.3 of the Code, 1939, the adoption here sought could be accomplished only with the consent of the Board of Control. Such consent was not obtained. The court was without authority or power to enter a decree for the adoption of the minor by the petitioner herein.

Other matters are argued in the briefs but, in view of the determination of the questions above decided, it is not necessary to discuss or decide such propositions. The decree herein is reversed and the cause is remanded with directions to dismiss the proceedings.—Reversed and remanded.

HALE, C. J., and MITCHELL, SAGER, BLISS, OLIVER, WENNER-STRUM, and GARFIELD, JJ., concur.

STIGER, J., takes no part.