IOWA EMPLOYMENT SECURITY COMMISSION, appellant, v. MAR-
SHALL COUNTY, appellee.

No. 47951.

(Reported in 49 N.W.2d 829)

NOVEMBER 13, 1951.

F. D. Riley and E. W. Fritz, both of Des Moines, for appel-
lant.

E. W. Adams, of Marshalltown, for appellee.

SMITH, J.—Ray P. Scott, a duly elected judge of the municipal court of Marshalltown, was designated by the district judges of the Seventeenth Judicial District (under section 231.3, Iowa Code, 1950) to act as judge of the juvenile court in Marshall County.

Code section 602.49, after fixing salaries of municipal judges, further provides that the annual salary of any municipal court judge so designated "shall be increased in the sum of five hundred dollars." It also provides: "The salaries of municipal judges * * * shall be paid monthly on the first Monday of each month. For the first month such salary shall be paid from the city treasury and the second month * * * from the court expense fund of the county. Each month thereafter such payments shall alternate * * *."

Upon retiring from office Judge Scott filed for retirement benefits under section 97.13, Iowa Code, 1950. Plaintiff-commission, charged with the administration of the Iowa Old-Age and Survivors' Insurance System set up by chapter 97, Code 1950 (section 97.3), allowed him benefits and brings this action under section 97.6 (paragraph 1) to collect the tax levied under section 97.12 on said addition of $500 to Judge Scott's salary due to his designation as juvenile judge.

The trial court denied recovery and dismissed the petition. The commission appeals.

I. The appeal presents a clear issue of law with no factual controversy. As the able trial court says, the law is new and the case one of first impression. The decision of the only case that has reached us involving the juvenile court sheds no light on the controversy here. In re Adoption of Kilby, 230 Iowa 557, 298 N.W. 829. But there seems no escape from the logic of the trial court's reasoning based on the language of the applicable statutes.

Code section 97.45, paragraph 13, excludes from the benefits and liabilities of the Act "officials of the state, city, town and counties * * * elected by the vote of the people."

Though Judge Scott, elected as municipal judge, performed additional duties by reason of his designation (or appointment) as judge of the juvenile court, the original or initial source of his power to act in the latter capacity was nevertheless his election by

the people to the office of municipal judge. Without it he could not be appointed judge of the juvenile court.

He was not *employed* by defendant-county. The district judges designated him to perform duties which, in absence of such designation, would be a part of their duties. Code sections 231.2 and 231.3. And if not a duly elected judge of the municipal court he could not have been designated. There is no statutory provision for a salary for judges of the juvenile court—merely an increase in the municipal judge's salary. If a district or superior court judge performs such duties he draws no extra salary therefor.

The designation does not deprive the designated municipal judge of other judicial functions nor the district judges of the power to act under proper circumstances as judges of the juvenile court. Code section 231.4. In the absence of designation any district judge may act in juvenile matters within his district. Wissenberg v. Bradley, 209 Iowa 813, 822, 229 N.W. 205, 67 A. L. R. 1075. The juvenile court is a court of record (Code section 231.6) and the same clerk keeps the record whether the court be sitting as a juvenile court or in its capacity as district, municipal or superior court. Code section 231.7.

As pointed out by the trial court, at no place in chapter 97 or elsewhere in the law "is there any provision for a juvenile judge, except someone already elected as a district, superior or municipal judge."

Counsel for the Commission in argument review the history of the legislation establishing superior courts (1876), juvenile courts (1904), and municipal courts (1915). At first the juvenile courts were established with the district court having exclusive jurisdiction. Later (1909) superior courts were given jurisdiction over juvenile matters. Municipal courts were not given jurisdiction until 1924 and then only when designated by the district court judges and without additional compensation.

Counsel then say: "By 1945, 21 years later, the legislature increased the *compensation of the municipal judge* by $500 for the additional duties of juvenile judge" (emphasis supplied) and continue: "All municipal judges had their salaries increased [in 1945], but only those who were performing the added functions

of the juvenile judge received the additional $500 salary. * * *
The legislature did not enact a special statute providing an additional $500 salary for juvenile judges where such juvenile judges
were municipal judges who had been designated as juvenile judge.
No; they took the easy method and added the $500 to the salary
of the municipal judge * * *. It was simply a matter of legislative expediency."·

We think it something more than that. It indicates a realization that the *municipal* judge gets the salary whether he handles
only the ordinary work of the municipal court or in addition the
juvenile work of the county. He gets the salary as municipal
judge in either case. There is no such officer as an *appointed*
juvenile court judge; he is always an elected official. It is of
course an attempt to fit the pay to the volume of service just as
is the first paragraph of Code section 602.49 which roughly graduates the basic salary of municipal judges according to the population of the cities they serve.

But the real controlling consideration is the fact that the designated official must be an elected judge in order to be qualified
to hold the office of judge of the juvenile court. He must first be
"elected by the vote of the people" before he can take on those
duties. That, by the clear language of Code section 97.45, paragraph 13, excludes him from the benefits of chapter 97. ·

II. We are not unmindful of the rule that the "Old-Age
and Survivors' Insurance System" (Code chapter 97) is remedial
legislation and should be liberally construed. But there are
bounds beyond which the doctrine of liberal construction cannot
lead us. It is subject to the principle that all rules of statutory
construction are merely for the purpose of ascertaining legislative intent. It does not authorize us to read into the statute something which does not come within the reasonable meaning of the
language used. See discussion in 50 Am. Jur., Statutes, section
387.

The exclusion in Code section 97.45, paragraph 13, indicates
a clear intent that one holding an office by vote of the people be
excluded. It quite clearly excludes from the benefit of the chapter
one occupying the position held by Judge Scott, elected to office

and allowed increased salary because of subsequent enlargement of the duties of his office.

We think the trial court correctly solved the problem presented.—Affirmed.

All JUSTICES concur.