CORA H. McCORD, appellee, v. IOWA EMPLOYMENT SECURITY COMMISSION, appellant.

No. 48159.

(Reported in 56 N.W.2d 5)

DECEMBER 16, 1952.

F. D. Riley and E. W. Fritz, both of Des Moines, for appellant.

Gillilland & Thomas, of Glenwood, for appellee.

MULRONEY, C. J.—The dispute here is whether Cora H. McCord, a public schoolteacher who retired in 1948 while entitled to primary insurance benefits under the Iowa Old-Age and Survivors' Insurance System, should receive the increased benefits provided by chapter 69, Acts of the Fifty-third General Assembly, which became effective May 12, 1949. The problem comes before us on a record which suggests other questions for it appears that after the plaintiff retired she returned to her profession of teaching and, under applicable provisions of the law, her insurance benefits were suspended. She was teaching at the time of trial in the lower court, but the plaintiff and the defendant-commission by sweeping stipulations turned the proceeding into a declaratory judgment action for a determination of plaintiff's rights to insurance benefits when she ceases her employment. A majority of the three-member commission (commissioner Stiger dissenting) ruled Cora H. McCord would not be entitled to the

increased benefits when she ceased her employment. The district court reversed this ruling by a written decision, as broad as the commissioners' ruling, holding an employee covered by the Act who retired prior to May 12, 1949, the effective date of the amendment, would after said date be entitled to receive the increased benefits provided by the amendment. There were other questions decided by the trial court's decision but the above ruling is the only portion of the trial court's decision challenged and argued by the commission on this appeal.

The Iowa Old-Age and Survivors' Insurance System was created and became effective January 1, 1946, and it appears in the Code of that year as chapter 97. Its purpose is to provide a retirement system for public employees which will pay annuities to such public employees and their dependents in old age or death and thereby promote economy and efficiency in government. Section 97.2. Like all such laws providing for insurance and old-age benefits it should be liberally construed in favor of those seeking its benefits. Iowa Employment Security Comm. v. Marshall County, 242 Iowa 1254, 49 N.W.2d 829; Ewing v. McLean, 9 Cir., Idaho, 189 F.2d 887; Carroll v. Social Security Board, 7 Cir., Ill., 128 F.2d 876.

The Act creates a special trust fund financed by deductions from an employee's wages and a matching tax by the political subdivision employer. Section 97.13, Code, 1946, provided for the benefits under the Act, stating:

"Every individual, who (1) is a fully insured individual * * * (2) has attained the age of sixty-five, and (3) has filed application for primary insurance benefits, shall be entitled to receive a primary insurance benefit (as defined in section 97.45, subsection 4), for each month, beginning with the month in which such individual becomes so entitled to such insurance benefits and ending with the month preceding the month in which he dies."

There has been no amendment of the above statute. Section 97.45, subsection 4, referred to in the above statute, originally provided in part as follows:

"4. The term 'primary insurance benefit' means an amount equal to the sum of the following—

"a. (1) Forty percent of the amount of an individual's average monthly wage if such average monthly wage does not exceed fifty dollars, or (2) if such average monthly wage exceeds fifty dollars, forty percent of fifty dollars, plus ten percent of the amount by which such average monthly wage exceeds fifty dollars and does not exceed two hundred fifty dollars, and * * *."

The Fifty-third General Assembly, chapter 69, section 1, amended the above portion of section 97.45 by striking the word "forty" where it appears twice in paragraph "a" and inserting the word "sixty" in each instance. This amendment became effective upon publication on May 12, 1949.

■ I. The question for decision is, as we have stated, the correctness of the trial court's ruling that an employee who had retired prior to May 12, 1949, would after said date be entitled to the increase which in this case and perhaps in most cases would be $10 a month. The commissioners' argument is that the legislature did not *make* the amendment applicable to those public employees who had retired prior to the effective date of the amendment. It is true the legislature did not in so many words specifically state the amendment was to apply to those employees who retired before the effective date of the Act. So too it is also true the legislature did not provide it was only to affect those public employees who retired after the effective date of the amendment. Section 97.45 is a definition statute wherein the legislature, in the longest section of the Act covering nearly two pages of the Code, supplies the glossary of "terms" used elsewhere in the Act. The day the amendment became effective the legislative definition of the term "primary insurance benefit" as used elsewhere in the chapter became sixty percent instead of forty percent. By supplying the legislative definition as amended for the term "primary insurance benefit" as it appears in section 97.13, previously quoted, the latter statute is made to read: "Every individual, who (1) is a fully insured individual and (2) has attained the age of 65 and (3) has filed application for primary insurance benefits, shall receive sixty percent of the amount of his average monthly wage if such average monthly wage does not

exceed fifty dollars or if such average monthly wage exceeds fifty dollars, sixty percent of fifty dollars, etc., for each month." There is not the slightest indication of a legislative intent to have the new definition of the term "primary insurance benefit" apply only to insured individuals who file for benefits after the effective date of the amendment. The plain legislative intent is to change the meaning of a "term" used in a statute (section 97.13) applicable alike to all insured individuals who have or who in the future will file for primary insurance benefits after reaching age sixty-five. This is not giving the amendment a retroactive effect as the commission contends. It gives it present application on its effective date. Three facts must exist under the wording of section 97.13 before an individual is entitled to primary insurance benefits: (1) that he "is a fully insured individual," (2) that he "has attained the age of sixty-five," (3) that he "has filed application for primary insurance benefits." When these three facts exist the individual becomes entitled to primary insurance benefits. These three facts exist for all those who retired before the effective date of the amendment.

The legislature changed the monthly benefit payable to all qualified individuals after the effective date of the amendment. The law making the monthly benefit payable to any qualified individual who "has filed application" for benefits was not changed. The benefit for anyone who "has filed application" was changed. It is perfectly obvious on the face of the statute that the legislature intended no such restriction with discriminatory consequences as held by the commission. There were no words or directions in the amendment indicating it was only to apply to benefit applications originally filed thereafter. As the learned trial court stated: "After May 12, 1949, there was no other basis on which primary insurance benefits of individuals who were then entitled to receive them, thereafter could be figured except under the provisions of section 97.45 *as amended* by the Acts of the 53d General Assembly." We agree with the trial court's ruling. We decide the issue upon the plain obvious intent embodied in the expressed language of the law and the amendment, which eliminates the necessity of much discussion of authorities or subordinate rules of statutory construction. It is significant that the commission does not cite a single decision

of any court in support of its proposition that the amendment is not applicable to employees who had retired prior to the effective date of the amendment. In 118 A. L. R. 992, there is an annotation and a collection of cases under the general heading: "Increase of pension benefits as applicable to those already receiving benefits." Many of the cases found in the annotation would be some authority for our holding here but there is so much difference in the pension statutes involved in those cases that we will not discuss them. Such laws as our Old-Age and Survivors' Insurance System law are quite common today. Our law is practically a copy of the Federal Social Security Law, U. S. Code, 1946 Ed., Title 42, subchapter II, section 401 et seq. (U. S. C. A. Title 42, section 401 et seq.), which apparently it is designed to supplement. It is of interest to note that increases in the old-age insurance benefits payable under the Federal Act have been made available to those already receiving such benefits. See amendment of August 28, 1950 (64 Stat. at L. 521), and amendment July 18, 1952 (Eighty-second Congress H. R. 7800).

■ II. The commission's second proposition is that the Fifty-fourth General Assembly refused to enact certain amendments to the Act that would have enabled retired individuals to obtain the increased primary insurance benefit. The commission argues this indicates "that the commission construction and interpretation of chapter 69 [Acts 53d G. A.] was the construction intended by the legislature." We recognize this as merely a further argument in support of the proposition asserted in Division I of the commission's brief. There is no merit in it. The amendment was not vague or ambiguous. There is no room for construction or interpretation. We held in Iowa Farm Serum Co. v. Board of Pharmacy Examiners, 240 Iowa 734, 35 N.W.2d 848, that no legislative construction results from a succeeding legislature's failure to amend a plain unambiguous law. The plain legislative mandate is that on and after the effective date of the Act the primary insurance benefit, payable to anyone entitled to primary insurance benefits, is to be sixty percent instead of forty percent. The judgment of the trial court is affirmed.— Affirmed.

All JUSTICES concur.