AVIS KYTE, appellee, v. IOWA EMPLOYMENT SECURITY COMMISSION, appellant.

No. 48322.

(Reported in 60 N.W.2d 225)

1120

September 22, 1953.

F. D. Riley and E. W. Fritz, both of Des Moines, for appellant.

F. R. Curry, of Osceola, for appellee.

Hays, C. J.—An application for wage earner's primary insurance benefits, under chapter 97, Code of 1950, was denied by the Commission. On appeal to the district court the decision

of the Commission was reversed and the Commission appeals.

Avis Kyte, appellee, served as deputy auditor of Clarke County, Iowa, in 1946. She was elected auditor and served as such in 1947, 1948 and 1949. She attained the age of sixty-five in April 1952 and immediately filed for benefits under the Iowa Old-Age and Survivors' Insurance System, chapter 97, Code of 1950. All subsequent references to statutes refer to the 1950 Code unless otherwise stated.

Chapter 240, section 1, Acts of the Fifty-second General Assembly, effective July 4, 1947, provided: "In every county in the state of Iowa the office of county assessor is hereby created within the office of the county auditor. The county auditor shall be ex officio county assessor." Chapter 183, section 2(14), Acts 52d G. A., provided: "In addition * * * each county auditor shall receive the sum of three hundred dollars ($300.00), per annum for discharging his duties as county assessor, ex-officio." Chapter 198, section 1, Acts of the Fifty-third General Assembly, amended chapter 240, section 1, supra, and provided: "All chief deputy assessors * * * are hereby declared to be the county assessors * * * ." It became effective April 28, 1949.

Appellee's employment record submitted to the Commission is as follows:

| | | |
|---|---|---|
| 1946. Full year as deputy county auditor, | $1400.00 |
| 1947. Two quarters as county assessor, | 150.00 |
| 1948. Full year as county assessor, | 300.00 |
| 1949. Two quarters as county assessor, | 98.33 |

The Commission held she was entitled, under section 97.45, subsection 6, to only one quarter of coverage in 1949, making a total of eleven quarters of coverage; whereas, under said section (subsection 7) twelve quarters of coverage were necessary to qualify for benefits.

The trial court held section 97.45, subsection 6, was modified by section 97.45, subsection 2 and that she was entitled to two quarters of coverage in 1949 for a total of twelve, the number required to qualify.

I. Appellant contends that section 97.45, subsection 6, is distinct from and not modified by section 97.45, subsection 2.

Appellee applied for benefits under the provisions of section 97.13, which in part provides: "Every individual, who (1) is a fully insured individual (as defined in section 97.45, subsection 6), after December 31, 1945, (2) has attained the age of sixty-five, and (3) has filed application for primary insurance benefits, shall be entitled to receive a primary insurance benefit * * *." The question is whether she was a "fully insured individual."

Section 97.45, subsection 6, provides:

"The term 'fully insured individual' means any individual with respect to whom it appears to the satisfaction of the commission that:

"*a*. He had not less than one quarter of coverage for each two of the quarters elapsing after 1945 and after he was first covered under this chapter, and up to but excluding the quarter in which he retired after he had attained the age of sixty-five * * *.

"*b*. * * * As used in this subsection, and in subsection 7 of this section, the term 'quarter' and the term 'calendar quarter' mean a period of three calendar months ending on March 31, June 30, September 30, or December 31; and the term 'quarter of coverage' means a calendar quarter in which the individual has been paid not less than fifty dollars in wages. When the number of quarters specified in paragraph *a* of this subsection is an odd number, for purposes of such paragraph such number shall be reduced by one. * * *."

From January 1, 1946, to and including the first quarter in 1952 (excluding the quarter after reaching age sixty-five) is a total of twenty-five quarters. Eliminating one quarter there remains twenty-four, half of which must be "quarters of coverage"; that is, quarters in which the individual has been paid not less than fifty dollars in wages. Under section 97.45, subsection 6, appellee's employment record shows but eleven quarters of coverage; and the Commission so held in denying benefits.

Appellee contends, and the trial court agreed, that section 97.45, subsection 2, modified section 97.45, subsection 6; and

that, as modified, the employment record shows twelve quarters of coverage. Section 97.45, subsection 2, provides:

"The term 'employment' means any service performed after December 31, 1945, under an employer-employee relationship, under the provisions of this chapter, except: * * *

"*b*. Any service performed in any calendar quarter in which the remuneration * * * does not exceed the sum of fifty dollars, unless there are other calendar year quarters in which such remuneration does exceed the sum of fifty dollars."

The trial court, relative to this section, states: "The phrase 'other calendar year quarters' appearing in the last quoted clause would have little meaning if the legislature intended to require such excess earnings to be earned in two or more quarters of the same calendar year * * *. This court believes, and finds, that the legislature intended that said phrase should be 'another calendar year quarter.' That said section requires only that she shall have earned more than fifty dollars in another quarter of the same calendar year, which she did."

■ Whether the construction placed upon section 97.45, subsection 2, is correct we do not feel is here involved, except in so far as the question of it being a modification of section 97.45, subsection 6, is concerned. It will be observed that section 97.45, subsection 6, speaks of and defines "calendar quarter" and "quarter of coverage" and it is apparent that the legislature intended to and did differentiate between them. "Quarter" or "calendar quarter" means a three-month period ending on designated dates; "quarter of coverage" means a "quarter", as above stated, and in addition thereto that the wages earned in said period be not less than fifty dollars.

■■ Section 97.45, subsection 2, speaks merely of "quarters" as it pertains to employment and in effect says that an individual is an employee during any calendar year if during such period he earned in any quarter not less than fifty dollars even though he earned less than fifty dollars during other quarters. Section 97.8 says: "In addition to all other taxes there is hereby levied upon * * * each employee (*as defined in section 97.45, subsection 3, paragraph b*) a tax * * *." (Italics ours.) Section 97.45(3)(b) merely states an employee means anyone

who is in employment as defined in section 97.45(2), supra. We think section 97.45(2) is limited in its application to section 97.8 and pertains to taxable employees. An employee may have quarters of employment which do not count in determining who is a "fully insured individual" under section 97.13, supra.

While it is true that chapter 97 should be liberally construed in favor of the claimant, a liberal construction does not mean to disregard the plain meaning of the language adopted by the legislature, unless the context clearly discloses a special usage. We hold that the construction given the sections involved, by the Commission, was correct and the trial court was in error.

II. Appellant further asserts error in that employment as county assessor is specifically excluded from benefits by section 97.45, subsection 13, which is in part as follows: "Exclusion from benefits: * * * officials of the * * * counties * * * elected by the vote of the people * * *." We think the instant situation is similar to and determined by the recent case of Iowa Emp. Sec. Comm. v. Marshall County, 242 Iowa 1254, 49 N.W.2d 829. However, this question was either ignored by, or not brought to the attention of, the Commission or the trial court and appellee asserts it is first raised on this appeal. For this reason we have examined the questions before us primarily under assigned Error No. I.

For the reasons above stated the judgment of the trial court is reversed.—Reversed.

All JUSTICES concur.