ETTNA B. BYERS et al., appellees, v. IOWA EMPLOYMENT SECURITY COMMISSION, appellant.

No. 48879.

(Reported in 76 N.W.2d 892)

May 9, 1956.

Don G. Allen and N. C. Quiett, both of Des Moines, for appellant.

Harris, Van Metre & Buckmaster, of Waterloo, for appellees.

HAYS, J.—Plaintiffs, each with more than thirty years employment as Iowa schoolteachers, prior to 1947, retired in 1949. Each receives benefits under chapter 97, Code 1950. Each seeks to recover benefits under chapter 97B, Code 1954. From a ruling of the trial court granting same, the Commission has appealed.

The Iowa Old-Age and Survivors' Insurance System, chapter 97, Code 1950, provided benefits to retired public officials, including schoolteachers. By chapter 71, Acts of the Fifty-fifth General Assembly (chapter 97, Code 1954), that was repealed with certain saving clauses. By chapter 72, Acts 55th G. A. (chapter 97B, Code 1954) a substitute measure was enacted entitled the Iowa Public Employees' Retirement System. Its purpose is to provide an adequate retirement to superannuated employees and to improve public employment in the state, section 97B.2, Code 1954. It should be liberally construed in favor of those seeking its benefits. McCord v. Iowa Employment Sec. Comm., 244 Iowa 97, 56 N.W.2d 5.

Section 97.50(1), Code 1954, provides: "Any person being paid any benefits under the provisions of sections 97.13 to 97.18 inclusive, chapter 97, Code 1950, as amended, as of June 30, 1953, shall continue to receive such benefits as though that chapter had not been repealed." All parties agree that plaintiffs are entitled to continue receiving benefits thereunder.

Section 97B.43, paragraph two, provides: "Any person with a record of thirty years as a public employee * * * prior to July 1, 1947, and who is not eligible for prior service credit under other provisions of this section, shall be entitled to a credit for years of prior service in the determination of the retirement allowance payment under any of the provisions of this chapter, * * *. His allowance for prior service credits shall be computed in the same manner as otherwise provided in this section, but shall not exceed the sum of four hundred fifty dollars nor be less than three hundred dollars per annum. * * *." It is under this paragraph that plaintiffs make claim for benefits.

Four propositions are presented as the basis for a reversal. They are, in effect, that such benefits were not intended by the legislature, and if they were, the provisions of the statute are meaningless and impossible of administration.

I. What was the legislative intent by the enactment of paragraph two, section 97B.43, Code 1954?

 Chapter 4, Code 1954, states that words and phrases in statutes shall be construed according to the context and the approved usage of the language. It is also a well-recognized rule of construction that the legislative intention is to be deduced from the language used, and the language is to be construed according to its plain and ordinary meaning. Meredith Pub. Co. v. Iowa Employment Sec. Comm., 232 Iowa 666, 6 N.W.2d 6. The court should, when possible to do so, construe a legislative enactment so as to give intelligent purpose to its provisions and assume that the legislature realized the need therefor. Hansen v. Henderson, 244 Iowa 650, 56 N.W.2d 59.

Section 97B.41 declares the meaning to be given to many terms used in the chapter: "Member", any individual who is a member of the Retirement System; "Prior service", any service rendered prior to July 4, 1953; "Contributions", payments to the fund provided to pay benefits; "Years of prior service", the total of all periods of prior service. Section 97B.42 requires that every employee, new as of the effective date of the chapter, and the then employees, with certain exceptions, become members.

██ Section 97B.43 is entitled "Prior service credit." Paragraph one thereof states that any *"member in service* on July 4, 1953 who made contributions under the abolished system [chapter 97, Code 1950], and *who has not applied for and qualified for benefit payments under the abolished system,* shall receive credit for years of prior service in the determination of retirement allowance payments under any of the provisions of this chapter, * * *." Paragraph two provides that "Any person with a record of thirty years as a public employee * * * prior to July 1, 1947, and *who is not eligible for prior service credit under other provisions of this section,* shall be entitled to a credit for years of prior service in the determination of the retirement allowance payment under any of the provisions of this chapter, * * *.

His allowance for prior service credits shall be computed in the same manner as otherwise provided in this section, but shall not exceed the sum of four hundred fifty dollars nor be less than three hundred dollars per annum. Any such person shall be entitled to receive retirement allowances contributed as provided by this chapter, * * *."

Appellees have a record of more than thirty years employment. They are not eligible for prior service credit, as set forth in paragraph one of the section, for two reasons: (1) They were not in service July 4, 1953, and (2) they had applied and qualified for benefits under the abolished system. To no other group of people than that to which appellees belong can paragraph two be said to refer. There is no sound basis for claiming the legislature did not so intend. If not so intended then the paragraph is utter surplusage.

II. Is said paragraph two meaningless and impossible of administration?

It states that "allowance for prior service credits shall be computed in the same manner as otherwise provided in" the section. Appellant contends that nowhere in the section is there a provision for the computing of allowances for prior service credits as to other than members. Paragraph one says, as to members, such credit shall be received under any of the provisions of the chapter. They concede that the method by which benefits shall be paid to members is set forth in section 97B.49. While the legislature might well have said "in the same manner as members" or "as provided by section 97B.49", we think the legislature by the words used clearly indicates that such is the intended method.

Appellant also states: "nor in fact is there any section * * * which would give a proper method of calculating any benefits to the persons described in this second paragraph."

Section 97B.49 provides that a member shall upon retirement receive a monthly retirement allowance, the amount thereof to be determined as the sum of subsections (1) and (2) following:

(1) "The actuarial equivalent of the total under this chapter of the contributions of the member * * *.

(2) "One-third of one percent of the monthly rate of the total wages not in excess of three thousand dollars annually, received by the member during the twelve consecutive months of his period of prior service for which such total wages were at their greatest amount multiplied by the years of prior service of the member credited hereunder, if any."

It is appellant's contention that allowances "are not determined under subparagraph one *or* subparagraph two, but are to be determined by *adding* together the *sum reached under each subparagraph.*" This contention is correct when applied to members with prior service credits but fails when applied to members with no such credits. The legislature seemed to recognize this situation when it added the words "if any" at the last of subparagraph two. If appellant's contention be correct, then only allowances to members with prior service credits are provided for by this section.

We are unable to see wherein a more difficult administrative problem arises under paragraph two than under paragraph one of section 97B.43. Under paragraph one, both subsections of section 97B.49 are used as to members with prior service credits; as to members without prior service credits, only subsection (1) is applicable. Under paragraph two, no contributions having been made, only subsection (2) of section 97B.49 is applicable. If section 97B.49 can be administered in so far as it concerns members, and it is being so administered, we fail to see why it may not likewise be administered to the nonmember group.

█ Appellant says the last sentence of paragraph two of section 97B.43 is impossible of interpretation. It is: "Any such person shall be entitled to receive retirement allowances *contributed* as provided by this chapter, * * *." (Italics added.); that nowhere in the chapter is there any reference to contributions of retirement allowances, and we agree. Contributions refer only to money *paid into* the retirement fund. The word contributed, as above set forth, is in reference to retirement allowances which are the benefits *paid out* of the fund. According to Webster's International Dictionary, contribute means to pay or grant. See also Black's Law Dictionary. When so used

(Flood v. City Nat. Bank, 218 Iowa 898, 253 N.W. 509, 95 A. L. R. 1168) the sentence simply says that retirement allowances shall be paid as provided by the chapter. It might be noted that this sentence is the only one that refers to payment of the allowances to nonmembers.

III. It is claimed that to allow benefits here would be unfair, inequitable and unjust, for the reason that such benefits might exceed benefits received by members who had made contributions. No attack is made upon the constitutionality of the section in question, only as to the wisdom and propriety thereof. That question is for the legislature, not the courts, to determine.

Finding no error, the decision of the trial court is affirmed. —Affirmed.

All JUSTICES concur.