MEARL HITTLE BERGESON, appellee, v. CARL PESCH, Commissioner of Public Safety of Iowa, and the MOTOR VEHICLE DEPARTMENT, appellants.

No. 50691.

(Reported in 117 N.W.2d 431)

October 16, 1962.

Evan Hultman, Attorney General, and Bruce M. Snell, Jr., Assistant Attorney General, for appellants.

Gill & Dunkle, of Sioux City, for appellee.

GARFIELD, C. J.—The question presented is one of statutory construction — whether the Iowa Motor Vehicle Department (herein called "the department") may legally revoke an operator's license because of his conviction upon three charges of violating speed restrictions fixed by city ordinance committed within a period of twelve months.

In this certiorari action instituted by the operator under rules 306 to 319, Rules of Civil Procedure, the trial court held the department was without such power to revoke and sustained the writ. The department has appealed. We affirm the decision.

A sufficient statement of the facts, which are undisputed, is that plaintiff-appellee was convicted upon three charges of speed restrictions fixed by city ordinance committed within a period of twelve months and the department revoked his operator's license because of such convictions.

We set out the pertinent state statutes. Section 321.209, Code, 1958, provides:

"Mandatory revocation. The department shall forthwith revoke the license of any operator or chauffeur * * * upon receiving a record of such operator's or chauffeur's conviction of any of the following offenses * * *: * * *

"7. Conviction * * * upon three charges of any speed restriction violation *under the provisions of sections 321.285 to 321.287,* inclusive, committed within a period of twelve months."

Code section 321.285 states:

"Speed restrictions. Any person driving a motor vehicle on a highway shall drive the same at a careful and prudent speed not greater than nor less than is reasonable and proper, * * * and no person shall drive * * * at a speed greater than will permit him to bring it to a stop within the assured clear distance ahead, * * *.

"The following shall be the lawful speed *except as herein-before or hereinafter modified,* and any speed in excess thereof shall be unlawful:

"1. Twenty miles per hour in any business district.

"2. Twenty-five miles per hour in any residence or school district." (Emphasis added.)

Subsections 3 to 8 of 321.285 fix maximum speeds in other districts or under other circumstances or conditions. Section 321.286, included in the statutes referred to in 321.209, supra, fixes speed limits for trucks. Section 321.287, also referred to in 321.209, fixes speed limits for buses. Neither 321.286 nor 321.287 has any direct application to this controversy.

I. The department and its head, the Commissioner of Public Safety, have only such powers as are expressly, or by necessary and fair implication, conferred upon them by the legislature. Chicago, B. & Q. R. Co. v. Iowa State Commerce Commission, 252 Iowa 318, 321, 105 N.W.2d 633, 635, and citations; 73 C. J. S., Public Administrative Bodies and Procedure, sections 48–50; 42 Am. Jur., Public Administrative Law, section 26, pages 316, 317, section 68, page 379. See also Code sections 321.2, 321.3 and 321.4; Springville Community School District v. Iowa Department of Public Instruction, 252 Iowa 907, 914, 109 N.W.2d 213, 217, and citations.

II. The department's principal contention is that municipal speed restriction ordinances are incorporated by reference into section 321.285, supra, by the language thereof we have italicized and are thereby included within the terms of section 321.209(7), also supra, which require revocation of an operator's license.

It is argued sections 321.235 and 321.293 are included by reference in the exception to 321.285. Section 321.235 provides, "Local authorities may, however, adopt additional traffic regulations which are not in conflict with the provisions of this chapter." And 321.293 provides local authorities may authorize by ordinance higher speeds than those stated in 321.285 upon through highways or highways where stop signs have been erected at the entrances thereto.

We may assume, without so deciding, that the language in 321.285, "except as hereinbefore or hereinafter modified," in-

cludes a reference to these provisions of 321.235 and 321.293. The effect of such a reference is merely a recognition by the legislature of the power of local authorities to adopt certain speed restrictions.

We think the quoted language of 321.285 falls considerably short of incorporating therein by reference any speed restriction ordinance which may be passed by a city or town pursuant to the authority of 321.235 or 321.293. Nor may it fairly be held that convictions under such an ordinance are convictions of "violation under the provisions of section(s) 321.285" within the terms of 321.209(7), supra. They are convictions under an ordinance, not under 321.285. And 321.209(7) confers no authority upon the department to revoke a license for violations of an ordinance.

If the legislature intended to direct the department to revoke an operator's license for violations of speed restrictions contained in a city ordinance we must presume it would have so stated. Courts may not, under the guise of construction, extend, enlarge or otherwise change the terms of a statute. Wall v. County Board of Education, 249 Iowa 209, 218, 86 N.W.2d 231, 237; Tucker v. Nason, 249 Iowa 496, 501, 502, 87 N.W.2d 547, 549, 550, and citations; Mallory v. Jurgena, 250 Iowa 16, 21, 22, 92 N.W.2d 387, 390, and citations.

Rule 344(f), paragraph 13, Rules of Civil Procedure, adopted September 17, 1962, is applicable here: "In construing statutes the courts search for the legislative intent as shown by what the legislature said, rather than what it should or might have said."

We observe the ground for mandatory revocation of an operator's license which immediately precedes subsection 7, supra, is: "6. Conviction * * * upon two charges of reckless driving." It is to be noticed subsection 6 does not add "under section 321.283", the state statute which defines the offense of reckless driving. There appears to be a clear distinction between subsections 6 and 7 on the point at issue. The former is fairly open to the construction that two convictions of reckless driving, whether under 321.283 or a valid city ordinance, afford cause for revocation. But subsection 7 limits the cause for revocation there set out to convictions of speed violations "under the pro-

visions of sections 321.285 to 321.287." In effect the department would have us read out of 321.209(7) the language just quoted.

III. The department argues that the statutory provisions quoted at the outset hereof are remedial and should be liberally construed. If this be conceded for present purposes it does not aid the department in this controversy. There are bounds beyond which the doctrine of liberal construction of statutes may not lead us. It is subject to the principle that all rules of statutory construction are merely for the purpose of ascertaining legislative intent. It does not authorize us to change the reasonable meaning of the language of the statute. Iowa Employment Security Comm. v. Marshall County, 242 Iowa 1254, 1257, 49 N.W.2d 829, 831, and citation; Kyte v. Iowa Employment Security Comm., 244 Iowa 1119, 1124, 60 N.W.2d 225, 227; 82 C. J. S., Statutes, section 387, page 917 ("* * * liberal construction * * * does not mean an enlargement of the plain provisions of the law, since the rule of liberal construction was never intended to extend the grant of the legislative body."). See also Cowman v. Hansen, 250 Iowa 358, 362–364, 92 N.W.2d 682, 684, 685; Cook v. Bornholdt, 250 Iowa 696, 698, 699, 95 N.W.2d 749, 751.

If sections 321.209(7) and 321.285 were ambiguous on the point here in dispute, rules of statutory construction other than that of liberal construction, if the latter is applicable, should not be ignored. For example, in considering the department's contention that municipal speed ordinances are incorporated by reference into 321.285 by the language thereof, we should take note of the rule that the legislature cannot be deemed to have incorporated into a statute another law unless the language employed is such as to indicate with reasonable certainty that was the legislative intent. See 50 Am. Jur., Statutes, section 36; 82 C. J. S., Statutes, section 68e, pages 120, 121, section 70a, pages 122, 123.

IV. The department also contends that even if section 321.209(7) includes as a basis for license revocation only convictions under state speed restriction statutes, convictions under a city speed ordinance afford sufficient basis for revocation if the operator in fact violated the state statutes although not charged with such violation. It is pointed out, as stated in

Division II hereof, that section 321.235 authorizes local authorities to adopt additional traffic regulations not in conflict with Code chapter 321. Also that the same conduct may give rise to prosecution and punishment under both statute and ordinance without violation of the constitutional safeguard against double jeopardy. It is further argued that in a sense cities act as agents of the state in exercising powers delegated to them by the legislature.

Authorities are cited in support of these points. We do not disagree with them. But we cannot agree that convictions under a city speed ordinance afford statutory basis for license revocation merely because the violator might have been charged and convicted under the speed restrictions set out in 321.285. To adopt such a contention would require further departure from the language of 321.209(7) and 321.285 than if we were to sustain the department's principal contention, rejected in Division II hereof.

As there pointed out, it is *conviction* upon three charges of any speed restriction violation *under sections 321.285 to 321.287* which affords the statutory basis for mandatory license revocation. The legislature has not empowered the department to revoke a license because an operator might have been charged and convicted under such state statutes but was in fact convicted under a city ordinance.

Although State v. Sonderleiter, 251 Iowa 106, 99 N.W.2d 393, presents a somewhat different question from the one we have here, it lends support to our present decision.

V. There can be little doubt that if the pertinent statutes mean what we hold they do, certiorari is a proper remedy to test the legality of the department's revocation of plaintiff's operator's license. The department does not contend otherwise. As stated at the outset, the facts are undisputed. Since the department revoked plaintiff's license, purporting to act under section 321.209(7) which confers no such authority under the facts here, it acted illegally, within the meaning of rule 306, Rules of Civil Procedure. City of Sioux City v. Civil Service Comm., 247 Iowa 1254, 1258, 78 N.W.2d 833, 835, and citations; Hitchcock v. Department of Public Safety, 250 Iowa 1016,

1019, 1020, 98 N.W.2d 1, 3. The point raised by the dissent to the Hitchcock opinion does not apply here. See Code section 321.215.

We do not question the department's good faith in what it did here, nor the propriety of its defending this action. We may add, too, that the record of each of these convictions which the department received does not clearly state it was under an ordinance rather than the state statute. However, this was shown without dispute in the trial court.—Affirmed.

All JUSTICES concur except SNELL, J., who takes no part.