**Michael SELLERS, Commissioner of Public Safety, Appellant,**

v.

**Robert OSMUNDSON, Judge of the Sixth Judicial District of Iowa, Appellee.**

**No. 55357.**

Supreme Court of Iowa.

Nov. 15, 1972.

Richard C. Turner, Atty. Gen., and Walter E. Schroeder, Asst. Atty. Gen., for appellant.

R. Fred Dumbaugh, Cedar Rapids, for appellee.

Submitted to MOORE, C. J., and LeGRAND, UHLENHOPP, HARRIS, and McCORMICK, JJ.

HARRIS, Justice.

We granted a writ of certiorari to review the trial court's holding in a driver's license suspension proceeding. Charlie Harrold Humphrey was convicted by his guilty plea of violating a municipal speed ordinance. The trial court held "* * * a violation of a city ordinance relative to a

speed restriction is not and cannot be a violation serious or otherwise, of the motor vehicle laws of this state." We disagree.

This submission is limited to the holding above quoted. No question is raised as to the speed involved or as to the seriousness of the offense. The commissioner, acting for the motor vehicle department, brought suspension proceedings under section 321.-210(7), The Code. Under this section suspension may be undertaken upon a showing by the department's " * * * records or other sufficient evidence that the licensee:

" * * *

"7. Has committed a serious violation of the motor vehicle laws of this state. * *."

It is to be noted the provisions just quoted are from the permissive suspension section. The "serious violation" ground is one of seven situations listed in which the department is authorized but not required to suspend an operator's license. The section is preceded by 321.209, The Code, entitled "Mandatory revocation." The mandatory revocation section lists seven situations in which the department " * * * shall forthwith revoke the license * * *" of offending licensees. Among the situations listed is:

"7. Conviction * * * upon three charges of any speed restriction violation under the provisions of sections 321.285 to 321.287, inclusive, committed within a period of twelve months." We interpreted section 321.209(7), The Code, in Bergeson v. Pesch, 254 Iowa 223, 226, 117 N.W.2d 431, 433. We held municipal speed restriction ordinances were not "* * * included within the terms of section 321.209, subd. 7, * * *." The trial court determined Bergeson v. Pesch removed municipal speed ordinances from section 321.210(7). It was therefore concluded the department was without authority to suspend the license.

■ There is a certain appeal in the trial court's holding. The interests of clarity would be served by legislation which would either include or exclude municipal traffic ordinances consistently throughout the motor vehicle code. However proper judicial concern in such matters · is with legislative intent not with legislation standards. Isaacson v. Iowa State Tax Commission, 183 N.W.2d 693 (Iowa 1971). Such desired consistency cannot be achieved at least in connection with municipal traffic ordinances. For example, section 321.207 provides: "Every court having jurisdiction over offenses committed under this chapter, or any other law of this state or any city traffic ordinances, * * *." Municipal traffic ordinances are expressly mentioned in section 321.207 but are not mentioned in 321.210(7). It is urged the omission from the latter subsection must be deliberate and evidence of legislative intent. However in interpreting these provisions we have pointed out the danger of being influenced unduly by the wording of sections or even subsections not directly involved. In Bergeson v. Pesch, supra, dealing with section 321.209, we said:

"There appears to be a clear distinction between subsections 6 and 7 on the point at issue. The former is fairly open to the construction that two convictions of reckless driving, whether under 321.283 or a valid city ordinance, afford cause for revocation. But subsection 7 limits the cause for revocation there set out to convictions of speed violations 'under the provisions of sections 321.285 to 321.287.' "

Bergeson v. Pesch is not controlling of the question presented.

■ Explanatory language following subsection 7 in 321.210 is controlling. The · legislature listed municipal violations that would not be taken into consideration in determining suspension or the length of suspension of an operator's or chauffeur's license in the following language:

"However, a warning memorandum, · summons, conviction or forfeiture of bail, not vacated, for a violation of any section of the Code or any municipal ordinance pertaining to the standards to be main-

**56**

tained for motor vehicle equipment, except sections 321.430 or 321.431 or any municipal ordinance pertaining to motor vehicle brake requirements, shall not be taken into consideration in determining suspension or the length of suspension of an operator's or chauffeur's license. A violation of sections 321.430 or 321.431 or any municipal ordinance pertaining to motor vehicle brake requirements shall not be taken into consideration in determining suspension or the length of suspension of an operator's chauffeur's license if the equipment in violation of the Code or municipal ordinance has been repaired within seventy-two hours of such warning memorandum, summons, conviction, or forfeiture of bail not vacated, and evidence of such repair has immediately been sent to the commissioner."

Municipal speed ordinances are not excluded. This does shed light on legislative intent. The explanatory language just quoted shows the legislature intended to include municipal speed ordinances within the meaning of section 321.210(7). Accordingly the commissioner did have authority to suspend the driver's license in question. The trial court was in error in holding he did not.

Writ sustained.