JOHN W. JENNEY, Superintendent of Public Safety, Appellee, v. CIVIL SERVICE COMMISSION OF DES MOINES et al., Appellants.

**MUNICIPAL CORPORATIONS:** Civil Service—Jurisdiction of Commission. The civil service commission has jurisdiction, on appeal by an officer of the police department from an order of discharge, to determine, on an appropriate record, (1) whether said officer is simply a special or temporary officer, and dischargeable at pleasure, or (2) whether said officer has acquired the civil service rights of a regular policeman, and, on the latter finding, to order his reinstatement—no charges being filed against him.

**MUNICIPAL CORPORATIONS:** Civil Service—Nature of Commission. The civil service commission is a special tribunal of wide discretion within the jurisdictional field confided to it, and entitled to pursue a procedure unshackled by mere formality and technicality. Substantial compliance with the statute governing it is all-sufficient.

Headnote 1:  28 Cyc. p. 518.  Headnote 2:  28 Cyc. p. 446.

*Appeal from Polk District Court.*—HUBERT UTTERBACK, Judge.

NOVEMBER 24, 1925.

PROCEEDINGS by certiorari commenced in the court below to determine the legality of a certain order by the civil service commission of the city of Des Moines. The writ was sustained, and the civil service commission appeals.—*Reversed.*

*John J. Halloran, Chauncey A. Weaver,* and *Paul Hewitt,* for appellants.

*John D. Denison,* for appellee.

STEVENS, J.—The city of Des Moines is under the commission form of government. John W. Jenney, appellee herein, is a member of the city council, and superintendent of the department of public safety. As such superintendent he has the appointment of the chief of police and the other officers of his department, by and with the consent of the council. The civil service

commission was created by Section 1056-a32, 1913 Supplement to the Code (Section 5689, Code of 1924).

In cities having a population of more than 50,000, it is the duty of the civil service commission to hold examinations twice each year for the purpose of determining the qualifications of applicants for public positions, and to certify to the city council the names of ten persons for each class of position to be filled. John A. Brophy, having successfully passed the required examination, was, on November 15, 1922, certified by the commission to the city council. He then became eligible to appointment as a police officer, and was immediately assigned to duty as a special officer. On April 3, 1924, the chief of police, in a communication to the city council, recommended that Brophy "be accorded his rights of a regular patrolman, beginning with November 15, 1923, without recourse for extra pay." On September 18, 1924, the city council passed a resolution reciting that Brophy had duly passed the examination and been assigned as a special police officer, and confirmed and approved his designation as a patrolman, effective as of date March 1, 1923. On September 17th, Brophy was notified by appellee that he would be relieved from the service Saturday, the 20th, and on the latter date he was further notified by appellee of his discharge, effective on that date. After the resolution of the city council confirming Brophy as a patrolman was adopted, a motion to reconsider the resolution at 10 A. M., September 19th, was carried unanimously; but the matter was dropped, and the motion was never later considered or voted upon.

On September 22d, Brophy filed with the civil service commission a notice of appeal from the order of the superintendent of public safety discharging him from the service. The superintendent appeared specially before the commission, and challenged its jurisdiction to hear the appeal, upon the ground that Brophy was not in the classified service. A hearing was, however, had before the commission, resulting in a finding by the majority upholding the action of the city council, and ordering Brophy reinstated. One member of the commission dissented from the finding of the majority, upon the ground that the custom of selecting appointees from the last certified list of applicants was, by the action of the majority, violated.

Thereupon, appellee sued out a writ of certiorari in the district court, to test the legality of the proceedings before the civil service commission. The district court sustained the writ, and the civil service commission appeals.

The validity of the finding and order of the commission is challenged upon two grounds: (a) That Brophy was not in the classified service, and therefore the commission was without jurisdiction to hear or determine his appeal; and (b) that in ordering his reinstatement it acted illegally, and in violation of Section 5698 of the Code of 1924. Appellant in this court presents a third question, which is that the superintendent of public safety is not entitled to maintain this action. As the judgment of the court below must, in any event, be reversed, we refrain from deciding the latter question. For the purposes of this case, we shall assume that it is properly before us.

I. The civil service commission is a special tribunal, created by statute, and is in no sense a court of record. Its jurisdiction is limited to a somewhat narrow field, but a wide discretion must necessarily be allowed in the performance of its duties. The proceedings before it are, in a large measure at least, informal, and technicalities are avoided, so far as possible. The reason given by the superintendent of public safety for discharging Brophy was that "your place will be taken by civil service men." No charges of incompetency or misconduct were filed against him, but he was removed to make a place for a civil service man. Brophy had been performing services as a special officer for several months. His original appointment was made from a list certified to the city council by the commission. The action of the city council was designed to give him the status to which he was then entitled. The purpose of the appeal was that Brophy might have his status determined by the civil service commission. To hold that he did not have a right of appeal because he was not in the classified service would be to prejudge his case. Whether he was or was not in the classified service depended upon the facts, as well as upon the interpretation of Section 5698 of the Code of 1924. Appellee would hardly contend that the civil service commission did not have jurisdiction to have declared Brophy ineligible to hold the position of a

2. MUNICIPAL COR-
PORATIONS:
civil service:
nature of com-
mission.

patrolman for the reason that he was not on the last certified list of applicants who had passed the required examination. It follows that, if the commission had jurisdiction to so find, it had jurisdiction to make a contrary finding. Its conclusion might in any case be erroneous, but that does not mean that it acted without or in excess of its jurisdiction. We entertain no doubt as to the jurisdiction of the commission.

II. Conceding that the civil service commission had jurisdiction to entertain and hear the appeal, we come now to discuss the second proposition urged by appellee: that is, that it exceeded its jurisdiction, and, in ordering the reinstatement of Brophy, violated the plain provisions of Section 5698 of the Code of 1924, and therefore acted illegally. This section is as follows:

"Such commission shall, as soon as possible after every such examination, certify to the city council the names of five persons for each class of positions in cities of less than fifty thousand population and ten persons for each class of positions in cities of more than fifty thousand population, who, according to its records, have the highest standing as a result of such examination for the position they seek to fill, and all vacancies in positions under civil service which shall occur before the holding of the next examination shall be filled from said list. * * *"

The resolution of the city council adopted September 18, 1924, declared the status of Brophy to be as follows:

"Whereas, John A. Brophy passed the civil service examination for police service at the November, 1922, examination as held by the civil service commission of the city of Des Moines, and was duly certified by said commission to the city council, on November 20, 1922, with a grade of 86.4 and

"Whereas, the said John A. Brophy was assigned for duty as police officer by the superintendent of the department of public safety on the eighth day of November, 1922, and has continued in said capacity all the time intervening from the said eighth day of November, 1922, under the status of special officer,

"Now, therefore, * * *"

The civil service commission in its finding confirmed the above statements of the council. The distinction between an appointee of the police department, performing services as a special

officer, and a patrolman is not statutory, but is controlled by the city ordinances of the city or the rules and regulations of the department. Brophy, from the date of his appointment to the service, appears to have been engaged in performing the duties of a policeman. At the time of his original appointment he was eligible, under the strict letter of the statute. The statute clearly contemplates two things: that the proposed appointee has successfully passed the required examination, and that there is a vacancy to be filled. The action of the city council was not to advance Brophy to fill a vacancy, but only to confirm him as a patrolman under his original designation or appointment. The action of the superintendent of public safety, as stated by him in his letter to Brophy, was for the purpose of/ filling the position held by him by a civil service man. In other words, the removal of Brophy created a vacancy, which it was proposed to select someone from the last list of eligible applicants to fill. Evidently, the city council and the civil service commission believed that the action taken by them in effect carried out the spirit of the civil service law. No charges of misconduct or incompetency were preferred against Brophy. He was certainly as well qualified after months of service as he was when he passed the examination and was certified to the council by the commission. Much discretion in matters pertaining to the civil service is conferred upon the commission. If the statute was not followed strictly, under the facts and circumstances shown, its violation was only in a mere technical sense, not amounting to an illegality within the meaning of that term as used in certiorari proceedings in which it is made the ground for the issuance of a writ.

Counsel indulge in some discussion as to certain rules of order in the proceedings of the city council. The legality of the proceedings of that body is before us only as an incident of the controversy, and this court will not undertake to determine the legality of the proceedings of the civil service commission in this case by the application of technical parliamentary rules either to its or the city council's proceedings.

It is our conclusion that the writ should have been annulled, and the judgment of the court below sustaining it is reversed.— *Reversed.*

FAVILLE, C. J., and VERMILION and ALBERT, JJ., concur.