CITY OF SIOUX CITY, a Municipal Corporation, appellee, v. CIVIL SERVICE COMMISSION of Sioux City, Iowa, et al., defendants; HOWARD C. KINGSBURY, intervenor-appellant.

No. 48987.

(Reported in 78 N.W.2d 833)

OCTOBER 16, 1956.

Crary & Crary, of Sioux City, for appellant.

George Davis and Tom Murray, both of Sioux City, for appellee.

OLIVER, J.—The City of Sioux City secured a writ of certiorari to test the legality of an order of its Civil Service Commission, determining Howard C. Kingsbury was entitled to the position of Park Supervisor, in the Sioux City Park Department. He had been appointed to the position of Park Superintendent in 1934 and was serving in that position in 1937 when the civil service system was installed in the municipal government of Sioux City. He then had less than five years service and under the statute (now section 365.7, Code of 1954), he took and passed a civil service examination for the position of Park Superintendent and continued in that position.

September 3, 1952, the City Council of Sioux City, as authorized by section 365.28, Code of Iowa, 1950 (1954), adopted a resolution abolishing the position of Park Superintendent, stating such position was unnecessary and its abolition was in the interest of economy and for the promotion of the public welfare. Upon receipt of a copy of the Resolution the Civil Service Commission issued Mr. Kingsbury a certificate of preference to a position covering his former duties, in the same grade, as provided by Code section 365.28.

Shortly thereafter Mr. Kingsbury initiated an action before the Civil Service Commission, claiming civil service seniority rights to the position of Park Supervisor, which was the next lower position or grade to the abolished position of Park Superintendent. After various proceedings, the Civil Service Commission sustained Mr. Kingsbury's claim and formally ruled he was entitled to the position of Park Supervisor and back pay from the time he applied for such position. Thereafter, the writ of certiorari issued. Trial in district court resulted in judgment sustaining the writ and annulling the ruling and order of the Civil Service Commission. Mr. Kingsbury has appealed.

I. Kingsbury had the seniority rights of a civil service employee for the classification or grade of Park Superintendent. The next lower grade or classification was Park Supervisor. Kingsbury had never served in that classification or grade nor in any classification or grade other than Park Superintendent. He did not work up to the grade of Park Superintendent. He started there. However, he contends his seniority rights in this higher classification extended downward to a lower classification in which he had never qualified or served, so that he could displace an employee in such lower classification whose seniority therein was of shorter duration than was Kingsbury's in the higher classification.

Chapter 365, Code of Iowa, is entitled "Civil Service." Section 365.12 provides in part: "In the event that a civil service employee has more than one classification or grade, the length of his seniority rights shall date in the respective classifications or grades from and after the time he was appointed to or began his employment in each classification or grade."

It provides also, that the Commission keep posted a list showing the civil service seniority of each employee.

Section 365.28 provides, in case a position is abolished, the employees removed shall be those having the shortest seniority in the classification affected, to be computed "in the classification or grade affected, regardless of their seniority in any other classification or grade, but any such employee so removed from any classification or grade shall revert to his seniority in the next lower grade or classification."

These statutes separate seniority rights acquired in one classification or grade from those acquired in other classifications or grades and provide that an employee removed by the abolition of any classification or grade shall revert (return) to his seniority in the next lower grade. In this case, "his [Kingsbury's] seniority in the next lower grade" was zero. He had no seniority there to "revert to". His seniority in the higher classification may not be taken into consideration.

With reference to this proposition, Wood v. Loveless, 244 Iowa 919, 922, 58 N.W.2d 368, 370, states: "* * * The only civil service positions he has actually held, however, are those of patrolman, assistant chief of detectives and inspector. The position of assistant chief of detectives was abolished some years ago. It follows that the only civil service rank which plaintiff holds, other than that of inspector if the office has not in fact been legally abolished by Ordinances 1683 and 1684, is that of patrolman."

We agree with the conclusion of the distinguished trial court that Mr. Kingsbury had no seniority rights in the classification or grade of Park Supervisor.

II. Appellant contends the decision of the Commission was not reviewable by certiorari. Rule of Civil Procedure 306 provides: "A writ of certiorari shall only be granted when specifically authorized by statute; or where an inferior tribunal, board or officer, exercising judicial functions, is alleged to have exceeded its, or his, proper jurisdiction or otherwise acted illegally."

There is no specific statutory provision for appeal from or review of the determination and order of the Civil Service Com-

mission in cases of this nature, which do not involve the Soldiers Preference Law.

However, where there is no substantial evidence to support the findings upon which are based its conclusions of law, the inferior tribunal, in making its determination, acts illegally, within the meaning of R. C. P. 306. Luke v. Civil Service Commission, 225 Iowa 189, 194, 279 N.W. 443; State ex rel. Rankin v. Peisen, 233 Iowa 865, 868, 869, 10 N.W.2d 645, 646, 647; Des Moines v. Board of Civil Service Commissioners, 227 Iowa 66, 69, 70, 287 N.W. 288; Dempsey v. Alber, 212 Iowa 1134, 236 N.W. 86.

In the case at bar the facts were not in dispute. Nothing in the record supports the decision of the Civil Service Commission. Hence, it acted illegally in making the decision and the same was reviewable by certiorari.

III. Other propositions presented by appellant have been considered and determined to be without merit or insufficient to warrant a reversal.

IV. Although R. C. P. 317 provides certiorari is by ordinary proceedings, this case was docketed in Woodbury District Court as 79094 Equity. Upon appeal the title of the case was changed to, Howard C. Kingsbury, intervenor and appellant, v. City of Sioux City, Iowa, plaintiff and appellee. This was incorrect. Code section 793.12, provides: "* * * the title of the action shall not be changed on the appeal." The records of the clerk of this court are ordered corrected to show the proper title.

The judgment of the District Court is affirmed.—Affirmed.

All JUSTICES concur.