**Hubert R. BRIGHTMAN et al., Appellants,**

**v.**

**The CIVIL SERVICE COMMISSION OF the CITY OF DES MOINES, Iowa, and Leo Danzinger, Chairman, Wilton Seymour and Richard L. Hankinson, Members of said Commission, Appellees.**

**No. 53495.**

Supreme Court of Iowa.

Oct. 14, 1969.

Stewart, Wimer, Brennan & Joyce, by Joseph B. Joyce, Des Moines, for appellants.

Lucier, Wensel, McAllister, Swanson & Judkins, by Gary H. Swanson, Des Moines, for appellees.

GARFIELD, Chief Justice.

Plaintiffs are 33 detectives on the Des Moines police force who appealed to the

Civil Service Commission, herein called "commission," of the city from what they claimed was an illegal demotion by the city. The commission by action of two of its three members sustained the city council's motion to dismiss plaintiffs' appeal on the ground it was without jurisdiction to hear it.

The district court issued a writ of certiorari to determine whether the commission's action exceeded its proper jurisdiction or it otherwise acted illegally. (See Rule 306, Rules of Civil Procedure). The matter was submitted to the court on the return to the writ made by the secretary of the commission and briefs and arguments for the detectives and the commission. The court held the commission did not exceed its jurisdiction or otherwise act illegally in dismissing plaintiffs' appeal to it on motion of the city council and so denied relief to the detectives. They have appealed to us from the adverse judgment.

(For convenience we disregard the fact the members of the commission are made defendants along with the commission itself.)

The return to the writ on which the certiorari action was submitted to the court consists mainly of plaintiffs' notice of appeal to the commission from the claimed illegal action of the city council in enacting ordinance No. 7427, effective December 26, 1966; the city council's motion to dismiss the appeal on the ground the commission was without jurisdiction to hear it, and plaintiffs' resistance thereto; ordinance 7427; a transcript of oral arguments to the commission by attorneys for the city and the detectives; a few documentary matters and a transcript of some informal discussion among members of the commission, attorneys for the parties and a few others who attended the meeting.

The petition for the writ of certiorari alleges and the commission's answer thereto admits that without proceeding with an ordinary hearing on the merits the com-mission, by two votes, held it was without jurisdiction to hear the appeal plaintiffs filed with it.

I. The errors plaintiffs have assigned here may be combined into the single claim the trial court erred in holding the commission properly decided it was without jurisdiction to entertain plaintiffs' appeal.

There is little, if any factual dispute. For more than 50 years prior to June 8, 1959 there was no civil service classification of "detective" in Des Moines. During that period, however, certain "patrolmen" were assigned specialized duties as detectives and were paid at a rate at least equal to that of police "sergeants." By ordinance 6054 on the above date the city established the civil service classification of detective with slightly lower pay than that of sergeants. This difference in pay continued until August 26, 1963, when the city council by ordinance 6956 equalized the pay of detectives with that of sergeants.

By ordinance 7160 effective March 8, 1965 the city increased the pay of sergeants more than it did that of detectives. Twenty-nine detectives undertook to appeal to the commission from this action of the city, claiming it resulted in an illegal demotion. All but five of the 29 are appellants here along with nine additional detectives—33 in all. The commission held it was without jurisdiction to entertain the former appeal and this was upheld by the district court on review by certiorari. We affirmed the judgment of the district court on grounds hereinafter explained. Antrim v. Civil Service Comm. of City of Des Moines, Iowa, 154 N.W.2d 711.

As before stated, the claimed illegal action of the city from which the 33 detectives appealed to the commission was in the passage of ordinance 7427 effective December 26, 1966. It increased the pay of detectives five percent and of sergeants 10 percent. The detectives contend this resulted in another illegal demotion, like that resulting from ordinance 7160 effec-

tive March 8, 1965, in violation of their civil service rights, under chapter 365 Code 1966 and of soldiers' preference rights, under chapter 70, of the many detectives who are ex-service men.

II. Plaintiffs rely upon sections 365.27 and 365.20 in chapter 365 dealing with civil service. So far as pertinent here 365.27 provides:

"The civil service commission shall have jurisdiction to hear and determine all matters involving the rights of civil service employees, and may affirm, modify, or reverse any case on its merits.

" * * *

"If the appeal is taken by a suspended, demoted, or discharged employee and reversed, he shall be reinstated as of the date of his suspension, demotion, or discharge, and shall be entitled to such compensation as the body having jurisdiction may determine."

Before quoting section 365.20, it is well to refer to 365.18 and 365.19. The former reads: "No person holding civil service rights as provided in this chapter shall be removed, demoted, or suspended arbitrarily, except as otherwise provided in this chapter, but may be removed, demoted, or suspended after a hearing by a majority vote of the civil service commission, for neglect of duty, disobedience, misconduct, or failure to properly perform his duties."

Section 365.19 is too long to quote. In pertinent part it provides the person having the appointing power under chapter 365 may peremptorily suspend, demote or discharge any subordinate under his direction for neglect of duty, disobedience of orders, misconduct or failure to properly perform his duties. .A report of such action shall be made to the city manager or, if the action is by him, to the city council who shall affirm or revoke it according to the facts and merits of the case.

■ It is our duty to construe these statutes liberally with a view to promote their objects and assist the parties in obtaining justice. Code section 4.2.

So far as applicable here, section 365.20 states: "If there is an affirmance of the suspension, demotion, or discharge of any person holding civil service rights, he may, within twenty days thereafter, appeal therefrom to the civil service commission. * * *"

Plaintiffs have not challenged the procedure of the city council in enacting ordinance 7427. They have not alleged the ordinance was not legally enacted and published. Their claim before the commission was that it resulted in an arbitrary demotion upon a ground not set out in section 365.18, supra, in violation of their rights under the civil service chapter. As stated, the commission decided it was without jurisdiction to hear the matter and dismissed the detectives' appeal on that ground.

The return to the writ on which the certiorari action was submitted to the district court shows the commission heard or decided no other question. The last thing attorneys for the city told the commission was that its jurisdiction to hear the appeal was the matter submitted to it. Earlier in the hearing counsel for the city admitted the commission had jurisdiction in matters of alleged suspensions, demotions or discharges of civil service employees but argued plaintiffs had not alleged any demotion.

III. As stated in Division I hereof, most of these plaintiffs were also plaintiffs in Antrim v. Civil Service Comm. of City of Des Moines, supra, Iowa, 154 N.W.2d 711, in which they claimed ordinance 7160 effective March 8, 1965 resulted in their illegal demotion. Like ordinance 7427 effective December 26, 1966, it increased the pay of other police more than it did that of detectives. Antrim and 28 other detectives undertook to appeal to the commission from their claimed illegal demotion; the commission sustained the city's special appearance on the

ground it was without jurisdiction to hear the appeal because notice thereof was not given within the 20 days provided by section 365.20, supra; the district court upheld the commission in certiorari and we affirmed the holding.

We think it is implicit from our opinion in Antrim that if timely notice of appeal to the commission were given it would have had jurisdiction to entertain it. In the present case plaintiffs gave such notice of their appeal to the commission.

The summary of the opinion, preceding the headnotes, states we held the "statute providing that if there is a demotion of any person holding civil service rights he may within 20 days thereafter appeal to the Civil Service Commission was applicable in regard to right of municipal employees to appeal to Commission on basis that their reclassification by city had constituted a demotion, and therefore Commission lacked jurisdiction where notice of appeal from municipal action was not given by employees until more than six months after challenged municipal action had been taken."

Excerpts from the opinion are: "It is to us evident section 365.20 * * * is here applicable and controlling. * * *

"Since the premise upon which they sought administrative review is adoption of the alleged offending ordinance, the effective date of that municipal enactment is the commencement point of the statutory period within which their appeals could be lawfully taken.

"Under the circumstances we are satisfied, if there was an invasion of plaintiffs' rights, it occurred on the effective date of the ordinance. Their lawful right of appeal then accrued, and they manifestly failed to pursue the remedy provided within the twenty days prescribed by law."

A concurring opinion in Antrim, after stating the writer concurs in the court's opinion, expresses the view that appeal to the commission would not lie even if notice thereof had been timely filed *and that since the city council can create and abolish such a commission any challenge to the ordinance must be by direct resort to the courts.* The concurring opinion concludes: "While this point was not sufficiently raised by the parties it should not be overlooked. To do so creates the impression the commission has jurisdiction. This would be a false impression." Two other justices joined in the special concurrence.

In deciding the present certiorari action the trial court adopted the view expressed in the concurring opinion in Antrim, quoted much of it apparently with approval and the commission seeks to uphold the decision on such ground here. Of course the concurring opinion is not a precedent for the view there stated. It is to be noted it recognizes the court's opinion creates the impression the commission had jurisdiction in Antrim. And, as stated in Division II hereof, counsel for the city, in the hearing before the commission on its motion to dismiss plaintiffs' appeal, admitted it had jurisdiction in matters of alleged demotion of civil service employees.

██ It is true that whenever the city council appoints a commission, it may by ordinance abolish it and in such event the powers and duties of the commission shall revert to the city council. Code section 365.3. However, we are not pursuaded it follows that the impression created by our opinion in Antrim is false. It is not suggested the city council has any thought of abolishing the commission. No authority has been cited which supports the view expressed in the special concurrence in Antrim.

We find nothing in chapter 365 or any other statute which precludes an appeal to the commission from what plaintiffs contend is their demotion in violation of their rights under the chapter. One such right is that they shall not be demoted arbitrarily except as otherwise provided

in the chapter. Section 365.18, quoted supra. As in Antrim v. Civil Service Comm., supra, 154 N.W.2d 711, 714, plaintiffs' "attempted appeal to the commission is unavoidably based upon a claim *the ordinance served in effect to demote them."* (emphasis not added)

To preclude such an appeal would, in effect, read an exception or limitation, not there expressed, into the broad terms of section 365.27, supra: "The civil service commission shall have jurisdiction to hear and determine all matters involving the rights of civil service employees, and may affirm, modify, or reverse any case on its merits." See Rule 344(f), par. 13, Rules of Civil Procedure; Wendelin v. Russell, 259 Iowa 1152, 1159, 147 N.W.2d 188, 192; Bergeson v. Pesch, 254 Iowa 223, 228, 117 N.W.2d 431, 433, and citations.

The action of the city council which we upheld in Wood v. Loveless, 244 Iowa 919, 58 N.W.2d 368, was expressly authorized by section 365.28. The real contention there relied upon was that the office in question was not in fact abolished by the council. (pages 925–926 of 244 Iowa, pages 371–372 of 58 N.W.2d.) See Murphy v. Gilman, 204 Iowa 58, 60–61, 214 N.W. 679.

It should be noted that the municipal action here in controversy was apparently initiated by the city manager. Section 363C.7 provides "He shall have power to employ, reclassify, or discharge all employees of the city, as the occasion requires, *and to fix the compensation to be paid to such employees, except as otherwise herein provided, subject, however, to the provisions of chapters 70 and 365."* (paragraph 7) (emphasis added) Thus the power the quoted statute confers on the city manager is expressly made subject to the provisions of chapters 70 and 365. The manager is an administrative or executive official.

Presumably the city manager complied with the requirement of section 365.19, summarized in Division II supra, that he report his action to the city council and it in turn affirmed it by passage of Ordinance 7427. Plaintiffs appealed to the commission from the affirmance.

IV. It has been suggested the fixing of salaries of detectives and other members of the police department is a legislative, not an executive, function but the view expressed in the special concurrence in Antrim, accepted by the trial court here, is adhered to, (i. e. that if plaintiffs desire to challenge the act of the council the proper forum is a court of law, citing Wood v. Loveless, supra, 244 Iowa 919, 58 N.W.2d 368, to which we have previously referred).

We have held the fixing of salaries of city employees such as firemen is an administrative, not a legislative, act. Murphy v. Gilman, supra, 204 Iowa 58, 60–62, 214 N.W. 679.

The annotation in 122 A.L.R. 769, 782, contains this under the heading "Salary ordinances. Logically, it would seem that as a general proposition ordinances dealing with the fixing of salaries of municipal officers and employees other than those specifically provided for by law are merely administrative in character * * *. However, the decided cases are in confusion on the subject, and it seems impractical to attempt to reconcile them, * * *." Our opinion in Murphy v. Gilman, supra, is summarized at page 784 of the annotation as supporting the view that fixing salaries of city employees is an administrative function.

■ If fixing compensation of city employees were legislative, not an administrative, function it would not support the view that appellant's remedy would be by direct resort to the courts rather than by appeal to the commission. Courts have no greater power to review legislative action of a city than does the commission. See Article III, Iowa Constitution; State ex rel. Klise v. Town of Riverdale, 244 Iowa 423, 430–441, 57 N.W.2d 63, 67–73, which quotes the constitutional provision; City

of Des Moines v. Lampart, 248 Iowa 1032, 1033, 1036, 82 N.W.2d 720, 721–722.

We have already quoted the provisions of section 363C.7, subd. 7, that the city manager "shall have power * * * to fix the compensation to be paid to such employees (of the city), except as otherwise herein provided, subject, however, to the provisions of chapters 70 and 365."

■ The provision of section 363.3, "All legislative and other powers granted to municipal corporations shall be exercised by the council, *except those conferred upon some officer by law or ordinance,*" does not prevail over section 363C.7, subd. 7 for at least two reasons: (1) Because of the expressed exception in 363.3 italicized by us, and (2) 363C.7, subd. 7 is a special statute conferring power on the city manager in cities under the manager form of government, while 363.3 is a general statute applicable to all cities and towns.

■ It is a fundamental rule that where a general statute, if standing alone, would include the same matter as a special statute and thus conflict with it, the special act will be considered an exception to or qualification of the general statute and will prevail over it. State v. Halverson, Iowa, 155 N.W.2d 177, 181, and citations; State v. Flack, 251 Iowa 529, 534–536, 101 N.W. 2d 535, 538–539, and citations. See especially Gade v. City of Waverly, 251 Iowa 473, 477, 101 N.W.2d 525, 528, and citations.

■ V. We think plaintiffs were entitled to a hearing before the commission on their appeal and it acted illegally, within the meaning of Rule 306, R.C.P., in dismissing the appeal on the city council's motion asserting the commission was without jurisdiction to hear it. See City of Sioux City v. Civil Service Comm., 247 Iowa 1254, 1258, 78 N.W.2d 833, 835, and citations; Butler v. Pension Board of Police Dept., 259 Iowa 1028, 1034–1035,

147 N.W.2d 27, 30–31; Sueppel v. Eads, Iowa, 156 N.W.2d 115, 116–117.

It follows the trial court was in error in holding the commission was without jurisdiction to hear plaintiffs' appeal, in quashing the writ of certiorari and dismissing their petition.

We express no opinion on the merits of plaintiffs' appeal to the commission. We hold only they were entitled to a hearing thereon.

We need not consider any rights those plaintiffs who are ex-service men may have under the Soldiers Preference Law, Code chapter 70.

The trial court's judgment is reversed and the cause is remanded for entry of judgment sustaining the writ of certiorari to the extent the civil service commission dismissed plaintiffs' appeal without granting them a hearing.

Reversed and remanded.

LARSON, RAWLINGS and LeGRAND, JJ., concur.

SNELL, J., concurs specially.

MOORE, J., takes no part.

BECKER, STUART and MASON, JJ., dissent.

SNELL, Justice (concurring specially).

I concur because in my opinion there is a narrow factual question within the jurisdiction of the commission to determine, i. e. were appellants demoted. If so, it is not within the jurisdiction of the commission to overrule the action of the city council. The council is the legislative body. The right of the council to enact the challenged salary ordinance is for the court.

BECKER, Justice (dissenting).

I respectfully dissent.

I. As noted by the majority this is another action in certiorari which is very

similar to Antrim v. Civil Service Commission of City of Des Moines, Iowa, 154 N.W.2d 711. The prior case turned on lack of jurisdiction in the Civil Service Commission due to failure to give notice of appeal. This was the only point raised and was decisive of the case.

In Antrim a special concurrence considered the question of Civil Service Commission jurisdiction even if the proper notice had been given, contended no jurisdiction over this type of case existed in the Civil Service Commission and contended this fact should have been made clear in the opinion, even though not raised and not reached. Largely on the reasoning of the special concurrence the commission in this case found it had no jurisdiction and the trial court affirmed.

II. It is submitted the findings of the commission and the trial court that the commission did not have jurisdiction was right but the question must be examined in more detail. It is axiomatic that the commission, a creature of statute and ordinance, has no power not given to it either expressly or by necessary implication by the instruments of its creation. 15 Am.Jur.2d, Civil Service, section 8, page 470.

The statutes providing for a Civil Service Commission are quoted at length in the majority opinion and will not be requoted here. The majority construes section 365.27, Iowa Code, 1966, very broadly without sufficient consideration of the impact of other sections in the chapter, especially section 365.19.

In O'Connor v. Youngblade, 250 Iowa 808, 812, 96 N.W.2d 457, 460, we said: "I. Chapter 365, Codes 1954 and 1958, I.C.A., pertains to appointment and removal of persons holding positions under civil service. In cities under the manager plan appointments, except of chief of police and fire chief, are made by the manager. Section 365.15. A person may be removed or suspended after a hearing by a majority vote of the (civil service) com-

mission, for neglect of duty, disobedience, misconduct, or failure to properly perform his duties. 365.18. Upon any of these grounds the person having the appointing power, here the manager, may peremptorily suspend or discharge any subordinate. The manager shall report to the council any suspension or discharge he makes and the council shall affirm or revoke it 'according to the facts and merits of the case.' 365.19."

If the concept of demotion is added to the above quote (which was unnecessary in the case from which the quotation is taken) the purpose of the civil service act is well stated. Two factors are immediately apparent. First, the matters to be controlled are administrative, not legislative, in nature and second, the city council, as a legislative body, is not considered an appointive person or body.

In Misbach v. Civil Service Comm., 230 Iowa 323, 326, 297 N.W. 284, 286, we said: "In appeal cases the commission has jurisdiction to hear and determine all matters involving the rights of civil service employees, and may affirm, modify or reverse any case on its merits." But this jurisdictional base must refer to rights created in the statute. No one would contend, for instance, that the Civil Service Commission, without statutory authority, has jurisdiction over public employees' claimed right to bargain collectively.

Another example is the situation illustrated in Wood v. Loveless, 244 Iowa 919, 58 N.W.2d 368 where, as part of an ordinance restructuring the police department, plaintiff's job as inspector of police was eliminated. This was a "matter involving the rights of a civil service employee" but the contest did not go to the commission; it went directly to the courts. This was proper, for the commission is not designed to pass on the *legislative* actions of the council. It is designed to pass on the administrative acts of the city executives.

In this case the ordinance complained of deals entirely with pay scales for various classifications. To quote the majority: "By ordinance 7160, effective March 8, 1965, the city increased the pay of sergeants more than it did that of detectives." Plaintiffs claim this constituted an illegal demotion. At the moment we are considering only the power of the Civil Service Commission to pass on the question.

III. The majority opinion fails to recognize the public policy aspect of the ordinance which takes it out of the class of actions reviewable by the commission. As said in Jenney v. Civil Service Comm., 200 Iowa 1042, 1044, 205 N.W. 958, 1959: "The civil service commission is a special tribunal created by statute, and is in no sense a court of record. Its jurisdiction is limited to a somewhat narrow field, but a wide discretion must necessarily be allowed in the performance of its duties. * * *" Of course the chapter has been amended since 1925 but the broadened jurisdictional base has not been so wide as to allow the commission to overrule its creator on *legislative public policy* matters, as distinguished from personnel administrative matters.

This ordinance fixing salaries for an entire broad classification within the police department must be designated a legislative function. Some authorities supporting such a view are in order.

Yokley, Municipal Corporations, Vol. 2, section 347, page 180 states: "The fixing of the wages of municipal employees is a legislative function. Where the salaries of municipal employees are prescribed by charter, they may not be changed by ordinance or resolution of the legislative body of the municipality.

"Where a city council acts in good faith in fixing the compensation for an office or a position, its decision is final and not subject to review by the courts."

Antieau, Municipal Corporation Law, Vol. 3, section 22.13, pages 276, 278, which states: "Usually the compensation of municipal officers and employees can be fixed, increased or decreased by the governing body of the municipal corporation as it deems proper, * * *.

" * * * Ordinarily, state civil service commissions have no power to order particular municipal workers' wages to be increased. * * *."

The question of whether an ordinance fixing salaries is a legislative or administrative function comes up most often where validity of a claimed referendum vote is challenged. Such a case is State ex rel. Pike v. City of Bellingham, 183 Wash. 439, 48 P.2d 602, 605. The Washington court's analysis is interesting: "While we think the provisions of the charter are sufficiently broad to enable the voters of the city, through initiative, to deal with any matter within the realm of local affairs or municipal business, whether strictly legislative or not, as that term is generally used, it is obvious that the fixing of salaries is always at some stage in the process a legislative function. Of course, the legislative authority could, unless restrained by constitutional or charter provision, make an appropriation in lump for specified governmental purposes, leaving it to administrative officers to fix the salaries. But the legislative authority is not required to do so, and may itself establish the salaries to be paid. We know that this is almost universally so in practice and that no other incident of municipal government engages more legislative attention." [1]

It must be admitted there are situations where fixing of salary might be construed as an administrative function. Where a formula is set by the statute or ordinance and the salary fixing authority does nothing but follow the formula, the legislative character might well be lost. See Miller v. City

1. There is some conflict as to whether fixing of salaries is an executive or administrative function but the better view seems to be that it is legislative. See Annotation, 122 A.L.R. 782.

and County of San Francisco, 174 Cal.App. 2d 109, 344 P.2d 102. But where, as here, the council fixes salaries by classification for a wide range of employees, with no regard as to whether any individual is to be punished or preferred, it is submitted the action is legislative in nature.

IV. Citation of Murphy v. Gilman, 204 Iowa 58, 214 N.W. 679, by the majority poses a problem. The majority notes the case for the proposition that we have held the fixing of salaries of employees such as firemen is an administrative, not a legislative, act. The case was, in large part, based on the absence of a requirement in the statute that firemen's salaries must be fixed by ordinance. Since the salaries could be fixed by resolution only, reasoned this court, the fixing of salaries should be held to be administrative, not legislative. As we noted in Glaser v. Burlington, 231 Iowa 670, 675, 1 N.W.2d 709, the statute was changed after the Murphy v. Gilman opinion and fixing of salaries for firemen and policemen *by ordinance,* was *mandated* by legislature. Then section 6519, Code, 1924, has since been entirely repealed and replaced by chapters 363, 363A and 363B. Much of the rationale upon which Murphy v. Gilman was based was destroyed by later amendment of the statute being considered.

The authority of Murphy v. Gilman is weakened by another factor. The municipal salary structure was being subjected to initiative and referendum under section 6556, Code, 1924 (later known as section 416.80, Code, 1946). This was the real core of the case. The section was repealed by the 1951 legislature and no new general enabling statute re initiative and referendum has taken its place.

Thus Murphy v. Gilman, supra, is a case based on one statute, section 416.13, which was radically changed and then repealed, and on another, section 416.80, which was also repealed. The case should not be taken as authority for the construction of the statutes as we now have them. If it still be considered the law that fixing of an entire department's salary structure is administrative rather than legislative, I submit Murphy v. Gilman, supra, should be expressly overruled. The complexities of municipal government (and municipal financing) are not the same now as they were in 1927 when the Murphy case was decided. This is borne out by legislative action revamping many of the municipal statutes in 1951.

The majority seems to say the courts have no power, beyond that of a quasi-judicial commission, to review the legislative action of the council, citing Article III, Iowa Constitution; State ex rel. Klise v. Town of Riverdale, 244 Iowa 423, 430–441, 57 N.W.2d 63, 67–73; City of Des Moines v. Lampart, 248 Iowa 1032, 1037, 82 N.W.2d 720. The Klise case deals with annexation and denominates it a *political legislative* function which cannot be delegated. City of Des Moines v. Lampart, supra, deals with the same subject matter (after statutory amendment). Both cases hold the courts can, and do, have jurisdiction to accomplish a measure of review. In City of Des Moines v. Lampart, supra, we find:

"It is carefully pointed out in Riverdale opinion at page 429 of 244 Iowa, page 66 of 57 N.W.2d: 'The prohibition against the delegation to the courts of power of creation, enlargement and diminution of municipalities, does not mean that the legislature cannot provide for some court function in the proceedings.' And that opinion (page 430, 57 N.W.2d 63, 67) quotes from Denny v. Des Moines County, 143 Iowa 466, 472, 121 N.W. 1066, 1069: 'It is well settled in this state that the Legislature may provide for the exercise by a court of the power to judicially determine facts which are made the conditions on which authority may be exercised by officers to whom is delegated the exercise of legislative and executive power.' "

The power of the courts to interpret the Constitution and construe ordinances and statutes, even as against a governmental body, would seem to have been firmly

settled in Pierce v. Green, 229 Iowa 22, 294 N.W. 237, 131 A.L.R. 335.

V.   Reference to Article III, section 1 of the Iowa Constitution brings the whole problem into sharp focus.   The article reads: "The powers of the government of Iowa shall be divided into three separate departments—the Legislative, the Executive, and the Judicial: and no person charged with the exercise of powers properly belonging to one of these departments shall exercise any function appertaining to either of the others, except in cases hereinafter expressly directed or permitted." This article is often ignored in connection with cities and towns. Without a long dissertation the rationale seems to be that cities are at best only quasi-governmental bodies. Yet, as time passes, they assume ever increasing portions of modern government. "Home rule" is now constitutionally mandated.   Direct dealings between cities and the federal government are the rule, not the exception.   Most of our citizens are subject to city government.   The separation of powers clause must be increasingly kept in mind when passing on municipal enabling statutes.

Here we have a statute which creates a quasi-administrative or quasi-judicial body, not a part of the court system, to review the actions of the city administrative officers.   With this I have no quarrel.   But if the review is extended to jurisdiction over the actions of the legislative body, I submit, Article III, section 1, is violated in both its letter and its spirit.

VI.   The majority quotes 363C.7(7) relative powers of the city manager.   Section 363C.7(8) is also pertinent.   The two sections read:

"7.   He shall have power to employ, reclassify, or discharge all employees of the city, as the occasion requires, and to fix the compensation to be paid to such employees, except as otherwise herein provided, subject, however, to the provisions of chapters 70 and 365.

"8.   He shall have power to suspend or to discharge summarily any officer, appointee, or employee that he has power to appoint or employ, subject, however to the provisions of chapters 70 and 365."

These sections do not bring the ordinance in question within the purview of the Civil Service Commission.   Under section 363C.7 (16), the manager must prepare and submit an annual budget.   This involves the rights (and pay) of civil service employees.   But such fiscal matters are not within the purview of the Civil Service Commission.

Sections 363C.7(7), (8) and (16) must all be interpreted within the purview of section 363.3 which reads: "The governing body of all municipal corporations shall be the mayor and council, chosen by the electorate as provided by this chapter.   All legislative and other powers granted to municipal corporations shall be exercised by the council, except those conferred upon some officer by law or ordinance.   All executive functions and powers shall be exercised by the mayor and other officers and boards, and neither the council nor the members thereof shall exercise any executive functions unless expressly conferred by law."

One would hardly suppose the city manager could fix salaries different from those fixed by the council by ordinance.   The manager could override the council if such power is read into the statute.   But section 363C.8 provides: "The manager shall be under the direction and supervision of the council and shall hold office at its pleasure."

This is the point of the foregoing analysis. When a city council fixes the salaries, especially of an entire classification, it acts legislatively.   This action cannot be reviewable by the Civil Service Commission without disrupting the entire municipal form of government.

The commission should be held to be without jurisdiction both from the standpoint of statutory construction (because the city council is simply not an appointing authority under the statute) and from the

standpoint of governmental structure (because a subordinate authority should not have the power to overrule the legislative body, at least on a matter of public policy). The question is similar to the right of the city council to abolish a job altogether. If plaintiffs desire to challenge the act of the council the proper forum is a court of law. See Wood v. Loveless, 244 Iowa 919, 58 N.W.2d 368.

STUART and MASON, JJ., join in this dissent.