Jacob J. ISAACSON and Dossie Isaacson,
Appellees,

v.

IOWA STATE TAX COMMISSION, E. A.
Burrows, Jr., Chairman; Lynn Potters,
Vice-Chairman; and X. T. Prentis, Com-
missioner, Appellants.

No. 54174.

Supreme Court of Iowa.

Feb. 9, 1971.

Richard C. Turner, Atty. Gen., George
W. Murray, Sp. Asst. Atty. Gen., and Har-
ry M. Griger, Asst. Atty. Gen., for ap-
pellants.

Thoma, Schoenthal, Davis, Hockenberg
& Wine, Donald J. Brown and Leon R.
Shearer, Des Moines, for appellees.

MOORE, Chief Justice.

This appeal is from the trial court's
judgment interpreting Iowa's income tax
law. The court found the state income tax
assessments against plaintiffs for 1962,
1963 and 1964, totaling $645.15, null and
void and cancelled them. As successor to
the named defendants, Iowa State De-
partment of Revenue (hereinafter referred
to as defendant) appeals pursuant to Code
section 422.29. We reverse.

The facts were stipulated and are not in
dispute. Plaintiffs Jacob J. and Dossie
Isaacson are husband and wife. At all
pertinent times they were residents of
Omaha, Nebraska. Jacob owned 160 shares
of capital stock of Lewis System of Iowa,
Inc., during 1962, 1963 and 1964. Lewis
System by unanimous agreement of its
shareholders elected prior to November
1961 not to be subject to federal income

taxes in accordance with section 1372 of the Internal Revenue Code, 1954 as amended in 1958. Lewis System thereby became what is commonly referred to as a subchapter S corporation.

Lewis System of Iowa, Inc., is an Iowa corporation which did all its business within the State of Iowa during the calendar years 1961 through 1964. Its fiscal year ended on October 31 of each year.

During the years in question Mr. Isaacson was a Vice President and Director of Lewis System of Iowa, Inc. His only activities on behalf of the corporation consisted of attending Board of Directors meetings held in Omaha, Nebraska. He did not engage in activities within the State of Iowa which would constitute a business, trade, profession or occupation.

The corporation during 1961 through 1964 made monthly distributions of earnings as dividends to all shareholders with the result that at the close of each fiscal year the corporation's records reflected no accumulated and undistributed earnings or profits within the meaning of section 1373 of the Internal Revenue Code of 1954.

During each year in question here defendants filed a joint federal personal income tax return and an Iowa nonresident personal income tax return. Plaintiffs excluded from their Iowa returns all amounts received from Lewis System of Iowa, Inc.

Thereafter plaintiffs were assessed income tax arising out of their exclusion of income received from the corporation from their Iowa nonresident income tax returns for the three years involved.

Trial of plaintiffs' action in equity resulted in a decree and judgment in the district court holding the assessments null and void. The assessments were ordered cancelled. The question presented on defendant's appeal requires interpretation of our income tax statutes.

I. No dispute exists between the parties here regarding the provisions and effect of section 1372 and other pertinent sections of the Internal Revenue Code of 1954 and the amendment thereto in 1958. Its legislative history is reviewed in Wilhelm v. United States, 257 F.Supp. 16 (D.Wyo., 1966).

The federal legislation seeks to aid small business corporations and authorizes special tax treatment when all the shareholders consent thereto. The election is available only to a domestic corporation which does not have (1) more than 10 shareholders, (2) a shareholder (other than an estate) who is not an individual, (3) a nonresident alien as a shareholder and (4) more than one class of stock.

The effect of the election is that the corporation pays no federal income taxes (with certain exceptions which have no application in the case at bar) and the tax on the income distributed to the shareholders must be paid by each of them according to the amount received. It is different from the usual dividend as a shareholder of a subchapter S corporation is not entitled to the $100 exclusion on the amount distributed to him. Section 1375(b) of the Internal Revenue Code. Under the federal act all shareholders pay income tax on funds distributed to them by a subchapter S corporation.

II. Interpretation of certain sections of the Iowa income tax laws and which control is the real issue presented on this appeal.

Defendant contends plaintiffs should pay Iowa income tax on the sums received as dividends from the subchapter S corporation, Lewis System of Iowa, Inc., for the years involved and the assessment against plaintiffs should be upheld. Defendant relies on Code section 422.36(5) which states: "5. Where a corporation is not subject to income tax and the stockholders of such corporation are taxed on the corporation's income under the provisions of the Internal Revenue Code of 1954, the same tax treatment shall apply to such corporation and such stockholders for Iowa income tax purposes." It was enacted in 1959, shortly

after the federal legislation in 1958 authorizing subchapter S corporations.

Plaintiffs contend Code section 422.8(2) controls. It states: "2. In the case of nonresident taxpayers, if any net income is received from a business, trade, profession, or occupation carried on partly within and partly without the state of Iowa, only such portion of said net income as is fairly and equitably attributable to that part of the business, trade, profession, or occupation carried on within the state of Iowa shall be allocated to Iowa; income from any property, trust, estate or other source within Iowa shall be allocated to Iowa, except that annuities, interest on bank deposits and interest-bearing obligations, and dividends shall be allocated to Iowa only to the extent to which the same are derived from a business, trade, profession, or occupation carried on within the state of Iowa." It was enacted by the 56th General Assembly in 1955.

III. The fundamental rule of statutory construction is to ascertain and, if possible, give effect to the intention or purpose of the legislature as expressed in the statute. Rule 344(f), par. 13, Rules of Civil Procedure; Hedges v. Conder, Iowa, 166 N.W. 2d 844, 852; Overbeck v. Dillaber, Iowa, 165 N.W.2d 795, 797; Janson v. Fulton, Iowa, 162 N.W.2d 438, 442, and citations.

■ Construction of any statute must be reasonable, sensible and fairly made with the view of carrying out the obvious intention of the legislature enacting it. Construction resulting in unreasonableness and absurd consequences will be avoided. Krueger v. Fulton, Iowa, 169 N.W.2d 875, 877; Janson v. Fulton, Iowa, 162 N.W.2d 438, 442, 443; France v. Benter, 256 Iowa 534, 541, 128 N.W.2d 268, 272.

In State v. Robinson, Iowa, 165 N.W.2d 802, 805, we quote this from Monroe Com. Sch. Dist., etc. v. Marion Co. Bd., 251 Iowa 992, 998, 103 N.W.2d 746, 749: "In construing a statute, the court must look to the object to be accomplished, the evils and mischief sought to be remedied, or the purpose to be subserved, and place on it a reasonable or liberal construction which will best effect its purpose rather than one which will defeat it."

■ IV. Construing and interpreting Code section 422.36(5) under the stated rules it is obvious the Iowa legislature intended and had as its purpose granting of the same special income tax privileges to a subchapter S corporation and its limited number of shareholders as granted under the Internal Revenue Code, 1954 as amended in 1958. Thereunder all shareholders pay income tax on funds received from a subchapter S corporation.

■ It seems reasonable to conclude the Iowa legislature intended to also require all subchapter S corporation shareholders to pay income tax regardless of their place of residence. It cannot be presumed our legislature intended to allow nonresident shareholders of Iowa corporations to elect not to be taxed at all.

Proper construction and interpretation of section 422.36(5) puts the shareholders of subchapter S corporations in a special category to which the provisions of section 422.8(2) have no application.

The order of the trial court cancelling the assessments here involved is reversed.

Reversed and remanded for entry of judgment approving and confirming the assessments.

All Justices concur.