T.C. Memo. 1998-71


UNITED STATES TAX COURT


PHILIP D. AND ELEANOR G. WINN, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent [*]

DAVID A. AND LOUISE A. GITLITZ, Petitioners $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket Nos. 5358-96, 5359-96.        Filed February 19, 1998.


Darrell D. Hallett, Larry N. Johnson, Robert J. Chicoine,

and John M. Colvin, for petitioners.

Keith G. Medleau, for respondent.


---

[*] This opinion replaces the prior opinion of this Court in
these cases, Winn v. Commissioner, T.C. Memo. 1997-286, which is
hereby withdrawn.

MEMORANDUM OPINION

COHEN, Chief Judge:  In Winn v. Commissioner, T.C. Memo. 1997-286, we concluded that respondent's motions for summary judgment should be denied, and petitioners' cross-motions for partial summary judgment should be granted.  Thereafter, respondent filed a motion for reconsideration.  Released today is the Opinion in Nelson v. Commissioner, 110 T.C. ___ (1998), in which the Court decides the same legal issue, to wit, whether discharge of indebtedness income to an S corporation increases a shareholder's basis in the stock of the corporation, in favor of respondent.  The arguments discussed in Nelson were fully briefed and argued in these cases.  Under these circumstances, respondent's motion for reconsideration will be granted.  This Memorandum Opinion replaces T.C. Memo. 1997-286, which is hereby withdrawn.

Background

Respondent determined a deficiency of $242,555 in Philip D. and Eleanor G. Winn's (the Winns) 1992 Federal income tax and a deficiency of $251,192 in David A. and Louise A. Gitlitz's (the Gitlitzes) 1991 Federal income tax.  At the time their respective petitions were filed, all petitioners resided in Colorado.

Philip D. Winn (Winn) and David A. Gitlitz (Gitlitz) were shareholders in P.D.W. & A., Inc. (PDW&A), a Colorado corporation.  In 1991, PDW&A had an election in effect to be

taxed as an S corporation. Effective January 1, 1992, PDW&A revoked its S corporation election.

PDW&A was a partner in Parker Properties Joint Venture (Parker). Parker realized $4,154,891 in discharge of indebtedness income in 1991. PDW&A's distributive share of Parker's discharge of indebtedness income in 1991 was $2,021,296. At the time that Parker realized the discharge of indebtedness income, PDW&A was insolvent to the extent of $2,181,748.

Winn increased his basis in his PDW&A stock by the amount of his pro rata share ($1,010,648) of the discharge of indebtedness income. Winn did not claim a loss on the Winns' 1991 Federal income tax return because Winn believed that the passive activity loss limitations prevented him from doing so. On the Winns' 1992 Federal income tax return, Winn claimed losses from PDW&A that were carried over from 1991 totaling $1,010,648.

Gitlitz increased his basis in his PDW&A stock by the amount of his pro rata share ($1,010,648) of the discharge of indebtedness income. Gitlitz claimed losses from PDW&A totaling $1,010,648 on the Gitlitzes' 1991 Federal income tax return. Absent the basis increase, the deductibility of these losses would have been suspended under section 1366(d), I.R.C.

Respondent disallowed the losses claimed by Winn and Gitlitz on the premise Winn and Gitlitz lacked sufficient basis in their PDW&A stock.

Discussion

Under Rule 121, Tax Court Rules of Practice and Procedure, a summary adjudication may be made "if the pleadings, answers to interrogatories, depositions, admissions, and any other acceptable materials, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that a decision may be rendered as a matter of law."  Rule 121(b), Tax Court Rules of Practice and Procedure.  The parties agree that whether discharge of indebtedness income increases a taxpayer's basis in his S corporation stock may be decided as a matter of law.

In Nelson v. Commissioner, 110 T.C. ___, filed this date, the Court agreed with respondent that a shareholder of an insolvent S corporation may not increase his or her basis to reflect discharge of indebtedness income to the S corporation. That Opinion is controlling here.  Respondent's motions for summary judgment will be granted, and petitioners' cross-motions for partial summary judgment will be denied.

Appropriate orders

will be issued.