**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**MAR 26 2001**

**PATRICK FISHER**
**Clerk**

**UNITED STATES COURT OF APPEALS**

**TENTH CIRCUIT**

|  |  |
|---|---|
| DAVID A. GITLITZ; LOUISE A. GITLITZ, | |
| Petitioners-Appellants, | |
| v. | No. 98-9009 |
| COMMISSIONER OF INTERNAL REVENUE, | |
| Respondent-Appellee, | |
| and | |
| PHILIP D. WINN; ELEANOR G. WINN, | |
| Petitioners-Appellants, | |
| v. | No. 98-9010 |
| COMMISSIONER OF INTERNAL REVENUE, | (T.C. Nos. 5358-96 & 5359-96) |
| | (U.S. Tax Court) |
| Respondent-Appellee. | |

**ORDER AND JUDGMENT** [1]

---

[1] This order and judgment is not binding precedent, except under the doctrines of law of the case, res judicata, and collateral estoppel. The court generally disfavors the citation of orders and judgments; nevertheless, an order and judgment may be cited under the terms and conditions of 10th Cir. R. 36.3.

Before **TACHA, MAGILL** ,[2] and **BRISCOE** , Circuit Judges.

---

This case is before us on remand from the Supreme Court of the United States.  See Gitlitz v. Comm'r of Internal Revenue   , 121 S. Ct. 701 (2001).  The Commissioner of Internal Revenue assessed tax deficiencies against David and Louise Gitlitz and Phillip and Eleanor Winn because they used untaxed discharge of indebtedness to increase their subchapter S corporate bases.  Taxpayers contested the deficiency determinations.  The Tax Court upheld the deficiency determinations, holding that shareholders may not use a subchapter S corporation's untaxed discharge of indebtedness to increase their bases in corporate stock.  We affirmed the Tax Court.      Gitlitz v. Comm'r of Internal Revenue , 182 F.3d 1143 (10th Cir. 1999).  In doing so, we held that untaxed discharge of indebtedness of an S corporation must first be used to reduce certain tax attributes of the S corporation under 26 U.S.C. § 108(b), and that only the leftover amount "passes-through" and can be used to increase the shareholders' bases.

The Supreme Court reversed.  After first concluding that untaxed discharge of indebtedness is an "item of income" available for "pass-through" to shareholders of an S corporation, 121 S. Ct. at 708, the Court held that the "pass-

---

  [2]  The Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

through" to shareholders is performed before, rather than after, reduction of the S corporation's tax attributes under § 108(b). Id. at 709. The Court remanded the case to us for further proceedings in conformity with its decision.

We perceive no need for additional briefing or extended proceedings. The deficiency determinations challenged by taxpayers hinged exclusively on the outcome of the "pass-through" sequencing issue decided by the Supreme Court. See id. at 708 ("[T]he sequence of the steps of pass-through and attribute reduction determines whether petitioners here were deficient when they increased their bases by the discharged debt amount."). We therefore VACATE our prior judgment and REMAND the case to the Tax Court with directions to enter judgment in favor of taxpayers.

IT IS SO ORDERED.

Entered for the Court

Mary Beck Briscoe
Circuit Judge