**F I L E D**
**United States Court of Appeals**
**Tenth Circuit**

**JUL 6 1999**

**PATRICK FISHER**
**Clerk**

PUBLISH

### UNITED STATES COURT OF APPEALS

### TENTH CIRCUIT

---

MEL T. NELSON,

    Petitioner-Appellant,

    v.

COMMISSIONER OF INTERNAL
REVENUE,

    Respondent-Appellee.

No. 98-9014

---

### APPEAL FROM UNITED STATES TAX COURT
### (T.C. No. 20811-95)

---

John M. Colvin of Chicoine & Hallett, P.S., Seattle, Washington, (Neil M. Goff, of Otten, Johnson, Robinson, Neff & Ragonetti, P.C., Denver, Colorado, on the brief), for the appellant.

Edward T. Perelmuter (Loretta C. Argrett, Assistant Attorney General, and Teresa E. McLaughlin with him on the brief), of the Tax Division, Department of Justice, Washington, D.C., for the appellee.

---

Before **TACHA, MAGILL,**[*] and **BRISCOE**, Circuit Judges.

---

**BRISCOE**, Circuit Judge.

---

[*] Honorable Frank J. Magill, Senior Circuit Judge, United States Court of Appeals for the Eighth Circuit, sitting by designation.

The Commissioner of Internal Revenue assessed a tax deficiency against Mel T. Nelson after determining Nelson had improperly utilized excluded discharge of indebtedness income to adjust his subchapter S corporate basis. The United States Tax Court upheld the Commissioner's deficiency determination and Nelson appeals. We exercise jurisdiction pursuant to 26 U.S.C. § 7482(a)(1) and affirm.

Nelson was the sole shareholder of Metro Auto, Inc., a subchapter S corporation. In 1991, Metro Auto had $654,788 in net operating losses. The corporation also realized $2,030,568 in discharge of indebtedness income from disposition of all its assets and a related agreement with creditors. Metro Auto was insolvent both before and after the events giving rise to the discharge of indebtedness income. The corporation excluded the full amount of the canceled indebtedness from gross income on its 1991 federal tax return.

Nelson treated Metro Auto's discharge of indebtedness income as if the "pass-through" principles and basis adjustment provisions normally applicable to subchapter S corporate shareholders were in play. He thus increased his basis in his Metro Auto stock by $1,375,790--the amount the discharge of indebtedness income exceeded net operating losses. Nelson disposed of his stock shortly thereafter and claimed a $2,403,996 long-term capital loss on his 1991 individual federal tax return. The Commissioner determined Nelson could not use the

corporation's excluded discharge of indebtedness income to increase the basis in his stock and denied $1,375,790 of Nelson's purported long-term capital loss.

Nelson contested the deficiency determination in Tax Court. In a "reviewed decision," the Tax Court held, without dissent, that discharge of indebtedness income of an insolvent subchapter S corporation, which is excluded from gross income under Internal Revenue Code § 108(a), 26 U.S.C. § 108(a), does not pass through to the shareholders of the subchapter S corporation. See Nelson v. Commissioner, 110 T.C. 114 (1998). The court thus concluded a shareholder of an insolvent subchapter S corporation may not increase the adjusted basis of his stock based on the corporation's untaxed discharge of indebtedness income.

For the same reasons outlined in our published opinion filed today in Gitlitz v. Commissioner, Nos. 98-9009 and 98-9010, we AFFIRM the decision of the Tax Court.