T.C. Memo. 2000-23

UNITED STATES TAX COURT

STEPHEN L. AND DORALYNN GOODMAN, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

JOHN R. AND PHYLLIS G. RAY, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket Nos. 15386-98, 16864-98.     Filed January 19, 2000.

<u>Howard A. Weinberger</u>, for petitioners.

<u>Kenneth L. Bressler</u> and <u>Ann S. O'Blenes</u>, for respondent.

MEMORANDUM OPINION

FOLEY, <u>Judge</u>:  By notice dated June 24, 1998, respondent

determined deficiencies in, and penalties relating to, Stephen

and Doralynn Goodman's 1994 and 1995 Federal income taxes. By notice dated July 16, 1998, respondent determined deficiencies in, and penalties relating to, John and Phyllis Ray's 1993 and 1995 Federal income taxes. After concessions, the sole issue for decision is whether discharge of indebtedness income that is excluded, pursuant to section 108, from the gross income of an S corporation increases the bases of petitioners' S corporation stock. The parties submitted this case fully stipulated pursuant to Rule 122. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

At the time the petitions were filed, petitioners resided in Plano, Texas. During 1993, Messrs. Goodman and Ray were shareholders in Scientific Plastics, Inc., an S corporation. That year, Scientific Plastics, Inc., realized, but excluded pursuant to section 108(a), $1,583,365 of discharge of indebtedness income.

On December 31, 1993, petitioners had suspended (i.e., unused) losses relating to Scientific Plastics, Inc. Petitioners increased their stock bases by the amount of their pro rata shares of Scientific Plastics, Inc.'s, discharge of indebtedness income and, on their 1993 tax returns, deducted their losses.

Respondent contends that, pursuant to Nelson v. Commissioner, 110 T.C. 114 (1998), affd. 182 F.3d 1152 (10th Cir.

1999), the $1,583,365 of discharge of indebtedness income does not result in a basis increase in the Scientific Plastics, Inc., stock. In <u>Nelson</u>, we held that an S corporation's shareholder may not increase his basis to reflect the S corporation's excluded discharge of indebtedness income. See <u>id.</u> Petitioners do not attempt to distinguish <u>Nelson</u>, but instead contend that <u>Nelson</u> was decided incorrectly. This case is indistinguishable from <u>Nelson</u>, and we need not reiterate our analysis. Accordingly, we hold that the discharge of indebtedness income does not increase petitioners' stock bases.

To reflect the foregoing,

<u>Decisions will be entered</u>

<u>under Rule 155</u>.