T.C. Memo. 2000-21

UNITED STATES TAX COURT

RICHARD T. MULLEN, Petitioner $\underline{v}$.
COMMISSIONER OF INTERNAL REVENUE, Respondent

Docket No. 15922-98.                    Filed January 19, 2000.

Howard A. Weinberger, for petitioner.

Ann S. O'Blenes, for respondent.

MEMORANDUM OPINION

FOLEY, Judge:  By notice dated June 29, 1998, respondent determined deficiencies in, and penalties relating to, petitioner's 1993, 1994, and 1995 Federal income taxes.  After concessions, the sole issue for decision is whether discharge of

indebtedness income that is excluded, pursuant to section 108, from the gross income of an S corporation increases the basis of petitioner's S corporation stock. The parties submitted this case fully stipulated pursuant to Rule 122. All section references are to the Internal Revenue Code in effect for the years in issue, and all Rule references are to the Tax Court Rules of Practice and Procedure.

At the time the petition was filed, Richard T. Mullen resided in Dallas, Texas. During 1993, petitioner was a shareholder in ICP Properties, Inc. (ICP), an S corporation. That year, ICP realized, but excluded pursuant to section 108(a), $1,444,677 of discharge of indebtedness income.

On January 1, 1993, petitioner's stock basis in ICP was zero. Petitioner increased his stock basis by the amount of his pro rata share of ICP's discharge of indebtedness income and, on his 1993 tax return, deducted passive losses.

Respondent contends, pursuant to Nelson v. Commissioner, 110 T.C. 114 (1998), affd. 182 F.3d 1152 (10th Cir. 1999), that the $1,444,677 of discharge of indebtedness income does not result in a basis increase in the ICP stock. In Nelson, we held that an S corporation's shareholder may not increase his basis to reflect the S corporation's excluded discharge of indebtedness income. See id. Petitioner does not attempt to distinguish Nelson, but instead contends that Nelson was decided incorrectly. This case

is indistinguishable from <u>Nelson</u>, and we need not reiterate our analysis.  Accordingly, we hold that the discharge of indebtedness income does not increase petitioner's stock basis.

To reflect the foregoing,

<u>Decision will be entered under Rule 155</u>.