T.C. Memo. 2000-30


UNITED STATES TAX COURT


ROBERT H. AND MILDRED M. BETTISWORTH, Petitioners <u>v</u>.
COMMISSIONER OF INTERNAL REVENUE, Respondent


Docket No. 12447-98.          Filed January 21, 2000.


<u>Richard W. Hompesch II</u>, for petitioners.

<u>Stephen P. Baker</u>, for respondent.


MEMORANDUM OPINION


JACOBS, <u>Judge</u>:  Respondent determined a $45,715 deficiency in petitioners' 1994 Federal income tax.  The deficiency primarily stems from the disallowance of a net operating loss carryover due to insufficient basis in petitioners' S corporation stock.

The underlying issue for decision is whether discharge of

indebtedness income excluded from an S corporation's gross income under section 108(a) passes through to the S corporation's shareholders and, if it does, increases the basis of the shareholder's stock under section 1367. We addressed this issue in Nelson v. Commissioner, 110 T.C. 114 (1998), affd. 182 F.3d 1152 (10th Cir. 1999), wherein we held that cancellation of debt (COD) income excluded by section 108(a) does not pass through to a shareholder of an S corporation as an item of income under section 1366(a)(1)(A) so as to allow a corresponding increase in the basis of the shareholder's stock under section 1367(a)(1).[1] Petitioners do not agree with our holding in Nelson and request us to "review and revise" that holding.

All section references are to the Internal Revenue Code as in effect for the year in issue. All Rule references are to the Tax Court Rules of Practice and Procedure.

This case was submitted fully stipulated under Rule 122. The stipulation of facts and the exhibits submitted therewith are incorporated herein by this reference.

---

[1] Nelson v. Commissioner, 110 T.C. 114 (1998), affd. 182 F.3d 1152 (10th Cir. 1999), was affirmed for the reasons explained by the U.S. Court of Appeals for the Tenth Circuit in Gitlitz v. Commissioner, 182 F.3d 1143 (10th Cir. 1999), affg. Winn v. Commissioner, T.C. Memo. 1998-71, which was decided on the same day as Nelson.

Background

Petitioners, husband and wife, resided in Fairbanks, Alaska, at the time they filed their petition in this case.

At all relevant times, Robert H. Bettisworth (petitioner) was a 33.3-percent shareholder in Narwhal, Inc. (Narwhal), an S corporation. At the end of 1992, petitioner's basis in his Narwhal stock was zero; in 1993, his basis increased to $68,125 as a result of a loan he made to the corporation.

Narwhal was in the business of developing real estate. In 1993, Narwhal was forced to surrender most of its real estate holdings through foreclosure. As a result, Narwhal realized COD income of $3,321,471. Because Narwhal was insolvent, the COD income was treated as nontaxable pursuant to section 108. For 1993, Narwhal had ordinary losses of $2,586,238.

Narwhal issued petitioner a Schedule K-1 for 1993, reflecting his distributive share of Narwhal's COD income ($1,107,155) and ordinary losses ($862,078). Petitioner increased the basis in his Narwhal stock by the amount of his distributive share of Narwhal's COD income, and amended returns were filed in order to take advantage of previously disallowed net operating losses (NOL's).[2] The NOL's were first carried back 3 years and then carried

---

[2] Before 1993, petitioners had $275,323 in suspended losses.

forward.[3]  In 1994, petitioners used an NOL carryover of $154,971.[4]

In the notice of deficiency, respondent determined that the use of Narwhal's excluded COD income to increase the basis of petitioner's stock was improper and consequently there was insufficient basis for petitioners to use the NOL carryovers. Respondent made other adjustments to petitioners' 1994 return based on the disallowance of the NOL's.  The parties agree that these adjustments are computational and turn on our resolution of the NOL issue.

Discussion

Section 1366(d) provides that the aggregate amount of losses and deductions taken into account by a shareholder of an S corporation cannot exceed the sum of:  (1) The adjusted basis of the shareholder's stock in the S corporation; and (2) the shareholder's adjusted basis of any indebtedness of the S corporation to the shareholder. Petitioners maintain that they are entitled to increase the basis in their Narwhal stock by their distributive share of COD income and accordingly should be allowed to deduct certain NOL's.

Petitioners make no attempt to distinguish their case from

---

[3]    Petitioners carried back a total of $85,654 in suspended losses to 1990, 1991, and 1992.  The remaining $991,995 was then carried forward.

[4]    Petitioners claimed a $164,197 NOL carryover on their amended 1994 return.  We are unable to account for this discrepancy.

<u>Nelson</u>.  Rather, they contend that in <u>Nelson</u> we failed adequately to address the following legal issues:  (1) Whether COD income is an item of income that increases basis; (2) whether COD income constitutes tax-exempt income which passes through to shareholders; (3) whether section 108(d)(7)(A) operates as an exception to the general pass-through scheme of sections 1366 and 1367; and (4) whether <u>Nelson</u> is inconsistent with our holding in <u>CSI Hydrostatic Testers, Inc. v. Commissioner</u>, 103 T.C. 398 (1994), affd. per curiam 62 F.3d 136 (5th Cir. 1995).  We disagree with petitioners. <u>Nelson</u> addressed all of these issues. See <u>Nelson v. Commissioner</u>, <u>supra</u> at 121-129.  Our opinion in <u>Nelson</u> controls the situation involved herein; consequently, we sustain respondent's disallowance of the claimed NOL carryover.[5]

   To reflect the foregoing,

<u>Decision will be entered for respondent</u>.

---

[5]   We are mindful that the U.S. District Court for the District of Oregon recently held that COD income excluded from gross income under sec. 108(a) passes through to the shareholders of an S corporation, allowing them to increase the basis of their stock under sec. 1367.  See <u>Hogue v. United States</u>, ___ F. Supp. 2d ___ (D. Or. Jan. 3, 2000).  We believe this decision to be erroneous.