Jill CAMACHO and Glen A.
Stankee, Appellants,

v.

IOWA DEPARTMENT OF REVENUE AND FINANCE and State Board of Tax Review, Appellees.

No. 01–2062.

Supreme Court of Iowa.

June 11, 2003.

Rehearing Denied Aug. 5, 2003.

Glen A. Stankee of Ruden, McClosky, Smith, Schuster & Russell, P.A., Fort Lauderdale, Florida, and Kris Holub Tilley of Davis, Brown, Koehn, Shors & Roberts, P.C., Des Moines, for appellants.

Thomas J. Miller, Attorney General, and Lucille M. Hardy, Assistant Attorney General, for appellees.

NEUMAN, Justice.

The Iowa Department of Revenue and Finance sent tax assessments to petitioners, Jill Camacho and Glen Stankee, for taxes owed on distributions from an Iowa subchapter S corporation. Petitioners, who are both nonresidents, protested. First the agency, and then the district court on judicial review, affirmed the assessments. On appeal, Camacho and Stankee pose two arguments: (1) subchapter S corporation "nonbusiness" interest income should be allocated outside of Iowa for income tax purposes, and (2) if the interest income is taxable in Iowa, the tax scheme violates the Commerce Clause.

We conclude the interest income at issue is business income and, hence, taxable in Iowa. Finding no merit in petitioners' Commerce Clause argument, we affirm.

1. Camacho also received a tax assessment notice for 1985–1990 but failed to timely ap-

## I. Background.

The facts are undisputed. Stankee and Camacho each owned approximately two percent of Clark Farms, Inc., a subchapter S corporation domiciled in Iowa until its dissolution in 1992. During the tax years at issue here, all of the corporation's income was derived from sources within Iowa. From 1985 to 1990, Clark Farms earned income through farming activities, rents, and installment contract payments on Iowa farmland. In 1991 and 1992, the corporation also sold farmland, generating income. At issue here is the interest earned on Iowa bank accounts in which the corporation deposited this income.

Throughout this time period, Stankee was a resident of Florida and Camacho (his sister) resided in Wisconsin. Neither was an officer or employee of Clark Farms.

This appeal involves three separate tax assessments by the Iowa Department of Revenue and Finance [hereinafter "department"]. Stankee received two separate notices that he owed Iowa income tax—one for the years 1985–1990 and one for 1991 and 1992. Camacho was similarly assessed for Iowa income taxes owed for the years 1991 and 1992.[1] Protests were filed. In each case an administrative law judge (ALJ) determined that the income from Clark Farms, distributable to the shareholders pursuant to rules governing taxation of subchapter S corporations, was taxable in Iowa. The decisions rested on the rule that because the income was Iowa source income to the corporation, it was also Iowa source income to the shareholders. The ALJs also rejected the petitioners' contention that the tax violated the Commerce Clause.

peal the ALJ's decision.

On Stankee's and Camacho's intra-agency appeals to the director of the department, the ALJs' decisions were affirmed. The petitioners then appealed to the State Board of Tax Review. Again the assessments were upheld. The petitioners sought judicial review and the cases were consolidated for purposes of briefing and oral argument. The district court affirmed the decision of the agency in all three cases, and this appeal by Stankee and Camacho followed. Further facts will be detailed as they pertain to the issues on appeal.

## II. Scope of Review.

■ Because this is an appeal from administrative agency action our review is for the correction of errors at law. *IBP, Inc. v. Iowa Employment Appeal Bd.*, 604 N.W.2d 307, 311 (Iowa 1999).

## III. Taxation of S Corporations.

The threshold question is whether Iowa law permits the state to tax a nonresident S corporation shareholder for interest income earned by the corporation on an Iowa bank account. Our analysis hinges on pertinent provisions of the federal and state statutes governing subchapter S corporations and defining business income.

■ *A. Federal taxation of S corporations.* Under federal law, certain business entities may elect to be taxed as S corporations, thereby allowing taxation similar to partnerships while maintaining limited liability for shareholders. *Gitlitz v. Comm'r of Internal Revenue*, 182 F.3d 1143, 1146 (10th Cir.1999), *rev'd on other grounds*, 531 U.S. 206, 121 S.Ct. 701, 148 L.Ed.2d 613 (2001); *Beard v. United States*, 992 F.2d 1516, 1518 (11th Cir.1993). As with a partnership, an S corporation does not generally pay income tax "as an entity" itself. *Gitlitz*, 182 F.3d at 1146. Instead, the corporation's profits and de-ductions are "passed through" to the shareholders who then report their pro rata shares on their personal tax returns. *Id.* The fact that an item is passed through does not, however, change the character of the item. 26 U.S.C. § 1366(b) (1991). In other words, any item passed through to shareholders will be treated "as if such item were realized directly from the source from which realized by the corporation, or incurred in the same manner as incurred by the corporation." *Id.; see also* Lorence L. Bravenec, *Federal Taxation of S Corporations and Shareholders* § 2.2, at 2–15 (2d ed. 1988) ("Each shareholder shall take into account in determining his income tax liability his pro rata share of each of the separately stated items of income, deduction, and credit and of the non-separately computed income or loss, *with the characterization of each item unchanged by the passthrough.*" (Emphasis added)).

*B. Iowa taxation of S corporations.* Iowa also recognizes S corporations for tax purposes. The governing statute is Iowa Code section 422.36(5) (1991). *See also* Iowa Admin. Code r. 701—40.13(422) (1991); *Isaacson v. Iowa State Tax Comm'n*, 183 N.W.2d 693, 695 (Iowa 1971). The statute provides:

> Where a corporation is not subject to income tax and the stockholders of such corporation are taxed on the corporation's income under the provisions of the Internal Revenue Code, the *same tax treatment shall apply to such corporation and such stockholders for Iowa income tax purposes.*

Iowa Code § 422.36(5) (emphasis added). The statute plainly requires the department to tax Iowa S corporations in the same manner as the federal government. That idea is further supported by our decision in *Isaacson* where we said "it is obvious the Iowa legislature intended and had

as its purpose granting of the same special income tax privileges to a subchapter S corporation and its limited number of shareholders as granted under the Internal Revenue Code, 1954 as amended in 1958." 183 N.W.2d at 695. Thus, in interpreting our tax code, we apply the pass-through provisions discussed above and treat all S corporation income as if earned directly by the shareholder from "the source from which realized by the corporation." 26 U.S.C. § 1366(b).

■ It is against this backdrop that we consider the parties' dispute over the treatment of shareholder interest income under Iowa's tax code. Stankee and Camacho argue that, in keeping with federal tax law, we must look to the income allocation rules found in Iowa Code section 422.8(2) to properly calculate the tax liability of S corporation shareholders. The statute states, in pertinent part:

> Nonresident's net income allocated to Iowa is the net income, or portion thereof, which is derived from a business, trade, profession, or occupation carried on within this state or income from any property, trust, estate, or other source within Iowa ... except that annuities, interest on bank deposits and interest-bearing obligations, and dividends are allocated to Iowa only to the extent to which they are derived from a business, trade, profession, or occupation carried on within the state.

Iowa Code § 422.8(2). The department responds that section 422.8 has no application to S corporation taxation. It contends that all of Clark Farms' income is taxable to its shareholders in Iowa pursuant to section 422.36(5). On this point, we think petitioners have the better argument.

We observed in *Isaacson* that section 422.36(5) puts subchapter S corporation shareholders in a "special category" to which section 422.8(2) does not apply. 183 N.W.2d at 695. But our focus in *Isaacson* was on taxpayers who were trying to avoid paying Iowa taxes on *any* S corporation income. 183 N.W.2d at 694–95. The import of our holding in *Isaacson* was that section 422.8(2) may not be interpreted to treat S corporation dividends as if they were regular dividends and, therefore, the taxpayer was "not entitled to the $100 exclusion on the amount distributed to him." *Isaacson*, 183 N.W.2d at 694. That is not to say section 422.8(2) has no application once the S corporation income is actually or fictionally distributed to shareholders, a matter to which we now turn.

*C. Nonbusiness and business income.* As noted at the outset, Stankee and Camacho quarrel only with the state's assessment of taxes on the interest income derived from Iowa bank accounts.[2] Because they characterize this income as nonbusiness income, they claim it is not subject to taxation in Iowa under section 422.8(2). The department argues it is business income and taxable.

Iowa Code section 422.8(2) allocates nonresident interest income to Iowa "only to the extent to which [it is] derived from a business, trade, profession, or occupation carried on within the state." Iowa Code § 422.8(2). The question then, is whether or not the interest on the Clark Farms accounts would be considered "derived from a business, trade, profession, or occupation carried on within the state." Iowa Code § 422.8(2).

Determining whether income is "derived from a business, trade, profession, or occupation carried on" in Iowa depends on a

---

**2.** Petitioners concede that any income from the sale or rental of Iowa farmland is taxable in Iowa.

case-by-case factual assessment. Guiding the department—and ultimately the court on review—are examples provided in the Iowa Administrative Code pertaining to the taxation of nonresidents. Two particularly relevant examples are set forth below.

EXAMPLE D—An Illinois resident has Iowa farms. The Illinois resident invests the profits from the farms in a savings account in an Iowa bank. Several times a year, the taxpayer transfers part of the funds from the savings account to the taxpayer's checking account to purchase machinery to be used in the farming operations. The interest income would not be included in income allocated to Iowa since the interest income is not derived from the taxpayer's trade or business nor is the savings account utilized as a business account.

. . . .

EXAMPLE F—A nonresident has a farm in Iowa which is the nonresident's principal business, although this person is an Illinois resident. The nonresident has an interest-bearing checking account in an Iowa bank. This checking account is used to pay personal expenditures as well as to pay expenses incurred in operation of the farm. In 1982, the taxpayer will earn $550 in interest from the checking account. The interest would be included in net income allocated to Iowa since the interest is derived from the business, generated from a business account, and utilized in the business.

Iowa Admin. Code r. 701–40.16(5) (1991).

■ At this juncture it is important to note that the burden rests on the taxpayer to prove the department's tax assessment was made in error. *Clark v. Iowa Dep't of Revenue and Fin.*, 644 N.W.2d 310, 315 (Iowa 2002); *Iannone v. Iowa Dep't of Revenue & Fin.*, 641 N.W.2d 735, 738–39 (Iowa 2002). Given the tax statutes before us, reversal would be warranted only if the income at issue was nonbusiness income. The petitioners bore the burden of proving that it was. *See Clark*, 644 N.W.2d at 315; *see also Texaco–Cities Serv. Pipeline Co. v. McGaw*, 182 Ill.2d 262, 230 Ill.Dec. 991, 695 N.E.2d 481, 484 (1998) ("An entity claiming that its income is nonbusiness income bears the burden of clearly proving this fact.") Yet they made little to no record here detailing the use or function of the bank accounts at issue.

■ Based on the limited record before us, we are convinced the case more closely resembles Example F. The interest income was generated by bank deposits made up of proceeds from the rental and sale of Iowa farmland—the undisputed business of Clark Farms. The accounts were plainly owned by Clark Farms and evidently used for business purposes. Petitioners offered no countervailing proof of other use. Thus substantial evidence supports the department's determination, affirmed on judicial review, that the interest generated by the accounts was properly classified as business income.

Our decision is reinforced by reference to tax code provisions governing the taxation of C corporations. Iowa Code section 422.32(6) defines business income as

income arising from transactions and activity in the regular course of the taxpayer's trade or business and includes income from tangible and intangible property if the acquisition, management, and disposition of the property constitute integral parts of the taxpayer's regular trade or business operations.

Iowa Code § 422.32(6). Nonbusiness income is everything else. Iowa Code § 422.32(7). Although perhaps not directly applicable to S corporations, these statutes provide additional support for the

department's position that the interest income at issue here is business income.

Because substantial evidence supports the department's determination that the interest income on the Clark Farm bank accounts is business income, and hence taxable in Iowa upon distribution to shareholders, we turn to petitioners' claim that such a tax scheme violates the Commerce Clause.

## IV. Commerce Clause.

The second issue raised by Stankee and Camacho is whether taxing a nonresident S corporation shareholder on interest income earned by the corporation in Iowa violates federal constitutional norms. Specifically, petitioners argue Iowa's tax scheme is not internally consistent, resulting in potential double taxation in violation of the Commerce Clause.

█ Our analysis begins with the presumption that Iowa's tax statutes are constitutional. *Hope Evangelical Lutheran Church v. Iowa Dep't of Revenue and Fin.*, 463 N.W.2d 76, 79 (Iowa 1990). We will not declare a tax statute "unconstitutional unless it is so clearly and plainly in contravention of the constitutional limitations and its guarantees as to leave no reasonable doubt as to its unconstitutionality." *Id.*

█ The United States Supreme Court has established a four-part test for determining whether a tax statute violates the Commerce Clause. *Complete Auto Transit, Inc. v. Brady*, 430 U.S. 274, 279, 97 S.Ct. 1076, 1079, 51 L.Ed.2d 326, 331 (1977). Pursuant to this test, a tax scheme passes constitutional muster under the Commerce Clause if it (1) applies to an activity demonstrating a substantial nexus with the taxing state, (2) is fairly apportioned, (3) does not discriminate against interstate commerce, and (4) is fairly related to services provided by the state. *Id.*

Only the second prong—fair apportionment—is at issue here.

█ The purpose of requiring state taxes to be fairly apportioned is to ensure that no state taxes more than its fair share of an interstate transaction. *Goldberg v. Sweet*, 488 U.S. 252, 260–61, 109 S.Ct. 582, 588, 102 L.Ed.2d 607, 616 (1989). To determine whether a tax is fairly apportioned, the Supreme Court looks to whether the tax is both internally and externally consistent. *Id.* at 261, 109 S.Ct. at 589, 102 L.Ed.2d at 616. Petitioners take issue only with the internal consistency of the statute at issue here, section 422.8(2). "To be internally consistent, a tax must be structured so that if every State were to impose an identical tax, no multiple taxation would result." *Id.* at 261, 109 S.Ct. at 589, 102 L.Ed.2d at 617.

█ Iowa Code section 422.8(2) pertinently provides:

[I]ncome received by an individual who is a resident of another state is not allocated to Iowa if the income is subject to an income tax imposed by the state where the individual resides, and if the state of residence allows a similar exclusion for income received in that state by residents of Iowa.

Iowa Code § 422.8(2). If every state had exactly the same statute, there would be no risk of double taxation. Every state would offer the exclusion, and the income that could be taxed in two states would only be taxed in the taxpayer's state of residence. We are therefore convinced section 422.8(2) passes the internal consistency test. As the petitioners have proved no Commerce Clause violation, the district court committed no error in affirming the department's tax assessment.

**AFFIRMED.**